David S. ASHBY–BEY,
Petitioner-Appellee,

v.

Edwin MEESE III, Attorney General,[*]
et al., Respondents-Appellants.

No. 85–1003.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 3, 1986.

Decided June 4, 1987.

---

* Pursuant to Circuit Rule 43(c)(1), on this Court's own motion we substitute Edwin Meese III, Attorney General, for William French Smith, former Attorney General.

Debra Ingraham, Law Student, Loyola Univ. Law School, Chicago, Ill., for petitioner-appellee.

Mark E. Nagle, Asst. U.S. Atty., District of Columbia, Washington, D.C., for respondents-appellants.

Before CUMMINGS and CUDAHY, Circuit Judges, and MAROVITZ, Senior District Judge.**

CUMMINGS, Circuit Judge.

Today we have held in the companion case of *Johnson v. Williford*, 821 F.2d 1279 (7th Cir. 1987), that the United States Parole Commission ("U.S. Commission") is empowered by D.C.Code § 24–209 to determine whether to release on parole District of Columbia Code offenders ("D.C.Code offenders") held in federal prisons, but under that statute must apply District of Columbia parole laws and regulations when making such determinations. Act of June 5, 1934, ch. 391, 48 Stat. 880 (codified at D.C. Code § 24–209). Petitioner David S. Ashby-Bey ("Ashby-Bey") is a D.C.Code offender and was incarcerated at the United States Penitentiary at Marion, Illinois ("Marion") at the time he filed *pro se* this habeas corpus petition raising the same issues decided today in *Johnson*. Ashby-Bey's petition was granted by Magistrate Kenneth J. Meyers, and Ashby-Bey was transferred to the District of Columbia for a parole hearing in January of 1985. Parole was denied at that time and we are advised by his counsel for this appeal that he was transferred back to Marion to continue serving his sentence.

The magistrate granted Ashby-Bey's petition based on his reasoning in *Drakeford v. United States Parole Commission*, 83 C 4210 (S.D.Ill. May 24, 1984), opinion amended (S.D.Ill. July 15, 1984), vacated and dismissed as moot by unpublished order, Nos. 84–2295 and 84–2340 [799 F.2d 753 (table)] (7th Cir. Aug. 27, 1986). Even if we assume that *Drakeford* correctly decided that only prisoners convicted in federal district courts are included in the term "federal prisoners" and because of that Ashby-Bey would not be an "eligible prisoner," as defined in 18 U.S.C. § 4201(4), and thus would fall outside the U.S. Commission's statutory authority under 18 U.S.C. § 4203(b)(1), which is limited to "eligible prisoners," our conclusion that the U.S. Commission has authority to decide Ashby-Bey's case is unaffected. That statutory authority is derived from the Congressional grant of power found in D.C.Code § 24–209 and does not depend on whether Ashby-Bey is within the definition of the term "federal prisoner." Furthermore, D.C.Code § 24–209 applies to all persons convicted of a D.C.Code violation and held in federal prisons, no matter whether they were convicted in the District of Columbia Superior Court or the U.S. District Court for the District of Columbia. As in *Johnson*, the issues are whether § 24–209 applies to the U.S. Commission and remains in effect and whether § 24–209 requires the U.S. Commission to use D.C. parole laws and regulations for D.C.Code offenders.

** The Honorable Abraham Lincoln Marovitz, Senior District Judge for the Northern District of Illinois, is sitting by designation.

On the basis of *Johnson,* we hold that the magistrate erred in ruling that the U.S. Commission lacked statutory authority to decide Ashby-Bey's suitability for release on parole. Ashby-Bey was convicted in the District of Columbia Superior Court for a D.C.Code offense, rather than in the United States District Court for the District of Columbia, as Johnson was for a D.C.Code offense. This distinction does not change the conclusion reached in *Johnson* that D.C.Code § 24–209 applies to the U.S. Commission and was not repealed by implication by either the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, 84 Stat. 473, or the District of Columbia Self-Government and Governmental Reorganization Act, Pub.L. No. 93–198, 87 Stat. 774 (1973). Thus the U.S. Commission continues to have "the same power and authority" over D.C.Code offenders as the D.C. Parole Board would have if those prisoners were held in a D.C. prison. That part of Ashby-Bey's petition seeking to require the U.S. Commission to apply D.C. parole laws and regulations is granted for the reasons stated in *Johnson.*

Reversed and remanded for further proceedings consistent herewith.