Calvin THOMAS

v.

UNITED STATES PAROLE COMMIS-
SION; J.J. Clark, Warden, Federal Cor-
rectional Institution, Petersburg, Virgi-
nia; and The United States Attorney
General.

Civ. A. No. 87–350–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 29, 1987.

Thomas Calvin, pro se.

Henry E. Hudson, U.S. Atty., and Ray-
mond A. Jackson, Asst. U.S. Atty., Norfolk,
Va., for respondents.

## ORDER

CLARKE, District Judge.

Petitioner, a federal inmate convicted of
violations of the District of Columbia Code
("D.C. Code"), brought this habeas corpus
petition *pro se* under 28 U.S.C. § 2241.
Specifically, petitioner alleged that respon-
dent United States Parole Commission
("USPC") violated D.C. Code § 24–209 and
the fifth amendment due process clause by
determining his parole eligibility and suita-
bility under federal, instead of District of
Columbia, standards.

By Order dated October 2, 1987, this
Court granted petitioner's Motion for Sum-
mary Judgment and directed USPC to con-
duct a parole hearing for petitioner apply-
ing District of Columbia parole eligibility
and suitability standards.

■ Respondent now moves the Court
under Federal Rule of Civil Procedure 59(e)
to reconsider the Order of October 2, 1987.
A timely Rule 59(e) motion is the proper
vehicle by which to challenge an order of
summary judgment. *See Sidney–Vinstein
v. A.H. Robbins Co.*, 697 F.2d 880 (9th
Cir.1983); *Spatz v. Nascone*, 368 F.Supp.
352 (D.C.Pa.1973). Although USPC in its
Memorandum in Support of the Motion
raises issues which could have been ad-
dressed before summary judgment was en-
tered, the Court will consider the Motion.
*But see Davis v. Lukhard*, 106 F.R.D. 317,
318 (E.D.Va.1984); *Frito–Lay of Puerto–
Rico v. Canas*, 92 F.R.D. 384, 390 (D.P.R.
1981).

USPC bases its Motion on its interpreta-
tion of D.C. Code § 24–209. That statute
provides in pertinent part:

The Board of Parole [now the USPC]
created by § 732a of Title 18, United
States Code, shall have and exercise the
same power and authority over prisoners
convicted in the District of Columbia of
crimes against the United States or now
or hereafter confined in any United
States penitentiary or prison (other than
the penal institutions of the District of
Columbia) as is vested in the District
Board of Parole over prisoners confined

in the penal institutions of the District of Columbia.

D.C. Code Ann. § 24–209 (1981). The Court, based on the statute's plain language and its legislative history as set forth in *Cosgrove v. Smith*, 697 F.2d 1125 (D.C.Cir.1983) and *Johnson v. Williford*, 821 F.2d 1279 (7th Cir.1987), held that D.C. Code § 24–209 requires USPC to apply District of Columbia parole eligibility and suitability standards, specifically those set forth in D.C.Mun.Regs. Title 28 § 100 *et seq.*, in making parole determinations for D.C. Code offenders.

USPC now argues that the "same power and authority" language of D.C. Code § 24–209 should be read to require only that USPC in its parole determinations comply with D.C. Code § 24–204, which provides:

(a) Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the Board may authorize his release on parole upon such terms and conditions as the Board shall from time to time prescribe. While on parole, a prisoner shall remain in the legal custody and under the control of the Attorney General of the United States or his authorized representative until the expiration of the maximum of the term or terms specified in his sentence without regard to good time allowance.

(b) Notwithstanding the provisions of subsection (a) of this section, the Council of the District of Columbia may promulgate rules and regulations under which the Board of Parole, in its discretion, may discharge a parolee from supervision prior to the expiration of the maximum term or terms for which he was sentenced.

D.C. Code Ann. § 24–204 (1981).

Under USPC's interpretation of D.C. Code § 24–209, USPC is not required to follow the parole standards set forth at D.C.Mun.Regs. Title 28 § 100 *et seq.*, but rather USPC is allowed to follow its own parole standards as long as they do not conflict with the very general mandates of D.C. Code § 24–204. USPC contends that its parole standards, as applied to petitioner, comport with D.C. Code § 24–204.

■ The Court is not persuaded by USPC's argument. USPC cogently points out that "the same power and authority" in D.C. Code § 24–209 can reasonably be read to allow USPC to promulgate its own parole standards for D.C. Code offenders, because D.C. Code § 24–204 allows the District of Columbia Board of Parole to promulgate such parole standards. However, D.C. Code § 24–209 can also be reasonably read to limit USPC's authority over D.C. Code offenders to that exercised by the District of Columbia Board of Parole: namely, the parole standards set forth at 28 D.C.Mun.Reg. § 100 *et seq.* At most then, USPC's interpretation shows an ambiguity in the language of D.C. Code § 24–209; USPC has not shown that its interpretation of the language of § 24–209 is the only reasonable one.

Since the language of D.C. Code § 24–209 is susceptible to more than one reasonable interpretation, the Court must analyze the legislative history behind D.C. Code § 24–209. As stated in the Order of October 2, 1987, the Court is persuaded by *Johnson* that Congress, in enacting D.C. Code § 24–209, intended that the U.S. Board of Parole, now USPC, apply District of Columbia parole eligibility and suitability standards. *But see Cosgrove*, 697 F.2d at 1135–1143 (Bork, J., dissenting). As *Johnson* makes clear, the "Act to establish the Board of Indeterminate Sentence and Parole for the District of Columbia, and to determine its functions, and for other purposes," Act of July 15, 1932, ch. 492, 47 Stat. 696 (currently codified at D.C. Code § 24–201a *et seq.* (1981)) (the "D.C. Parole Act"), was intended to provide the District of Columbia with a modern parole system that would be a model for the states. *Johnson*, 821 F.2d at 1283. However, after passage of the D.C. Parole Act, it be-

came necessary to send some D.C. Code offenders to federal prisons because of a lack of funding for a planned expansion of the prison at Lorton, Virginia to house D.C. Code offenders. Congress was concerned that D.C. Code offenders housed in federal prisons would be ineligible for parole because neither the District of Columbia Board of Parole nor the U.S. Board of Parole had authority to parole them. *Id.* at 1284. On the one hand, the District of Columbia Board of Parole had no jurisdiction over federal prisoners. *Id.* On the other hand, the U.S. Board of Parole's authority to parole extended only to those prisoners serving definite sentences, while all D.C. Code offenders served indefinite sentences. *Id.* Accordingly, Congress amended the D.C. Parole Act by the Act of June 5, 1934, ch. 391, 48 Stat. 880 (the "1934 Amendment") to include current D.C. Code § 24–209. *Id.*

The legislative history of the 1934 Amendment shows that Congress intended D.C. Code offenders housed in federal prisons to retain the benefits of the modern, model parole system created by the D.C.Parole Act. The letter of transmittal submitted by the District of Columbia Board of Commissioners to Congress along with the proposed 1934 Amendment shows that the parole standards of the U.S.Board of Parole were deemed inapplicable to the D.C. Code offenders because D.C. Code offenders served indefinite sentences. H.R.Rep. No. 1446, 73d Cong., 2d Sess. (1934); *Johnson*, 821 F.2d at 1284–1285. Furthermore, Congress viewed the D.C.Parole Act as instituting a parole philosophy for the District of Columbia, and intended by the 1934 Amendment to extend this philosophy to D.C. Code offenders housed in federal prisons. *Johnson*, 821 F.2d at 1285; *Cosgrove*, 697 F.2d at 1130.

It flies in the face of reason to think that Congress, with this intention, would enact D.C. Code § 24–209 in order to grant the U.S. Board of Parole broad discretion in making parole determinations for D.C. Code offenders. Congress intended that the same parole standards apply to a D.C. Code offender housed in a federal prison as to a D.C. Code offender housed in a Dis-

trict of Columbia prison. Congress' intent, as evidenced by the legislative history behind D.C. Code § 24–209, leads this Court to hold that the statute requires USPC to apply District of Columbia parole standards as set forth at D.C.Mun.Regs. Title 28 § 100 *et seq.*, rather than the broad and generalized mandates of D.C. Code § 24–204, in making parole determinations for D.C. Code offenders.

For the foregoing reasons, United States Parole Commission's Motion for Reconsideration of the Order of October 2, 1987 is DENIED.

The Clerk is DIRECTED to send a copy of this Order to the petitioner and counsel for the respondents.

IT IS SO ORDERED.