Harry L. BREWER, Jr., Appellant,

v.

J.D. SWINSON, Superintendent, FPC, Duluth, MN, U.S. Parole Commission, et al., Appellees.

No. 87–5228.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 21, 1988.

Decided Jan. 25, 1988.

Order of March 4, 1988.

Order of March 15, 1988.

Andrew Dunne, Minneapolis, Minn., for appellant.

Franklin L. Noel, Minneapolis, Minn., for appellees.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Harry L. Brewer, Jr., appeals pro se from a final order entered in the District Court for the District of Minnesota denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus. For reversal, appellant argues that the district court erred in (1) concluding that because he is a sub-class representative in a pending class-action suit raising issues identical to those in his habeas petition, the merits of his habeas claim should not be reached, and (2) denying his

request to withdraw from the class action in order to proceed with his habeas petition. For the reasons discussed below, we reverse the district court's denial of habeas relief and remand the case to the district court with instructions to permit appellant to withdraw from the *Cosgrove I* class action lawsuit, to grant the petition for writ of habeas corpus and to direct the United States Parole Commission (USPC) to conduct a parole hearing for appellant, applying the District of Columbia (D.C.) parole guidelines, within ten days of the date of this opinion.

Appellant, an inmate at the Federal Prison Camp in Duluth, Minnesota, was convicted of forgery in violation of the D.C. Criminal Code, and on January 14, 1976, was sentenced by the D.C. Superior Court to serve two concurrent ten-year prison terms. Under D.C. law, offenders convicted of violating local laws may be assigned by the Attorney General to serve their sentences in either federal institutions or facilities maintained by the District. D.C. Code Ann. § 24–425 (1981). Appellant was assigned to a federal institution.

Appellant was paroled on three separate occasions between 1978 and 1986. On each occasion he committed acts which led to his return to federal custody and revocation of parole. Following his last parole revocation, appellant was ordered to serve to the expiration of his sentence.[1] Appellant appealed to the National Appeals Board of the USPC which affirmed the decision.

On December 9, 1986, appellant filed this petition for a writ of habeas corpus challenging the legality of the USPC's decision for the reason that the order was based upon federal parole criteria, rather than D.C. parole standards,[2] thereby violating his right to equal protection and the prohibition against ex post facto laws. Appellant claimed that as a D.C. Code offender and pursuant to D.C. Code Ann. § 24–209 (1981),[3] D.C. parole guidelines should have governed all parole decisions concerning him even though he was confined in a federal institution; he sought a new parole hearing under the D.C. parole scheme.

At the time appellant filed his habeas petition, there was pending in the United States District Court for the District of Columbia a certified class-action suit, *Cosgrove v. Smith*, No. 80–0516 (D.D.C. filed Feb. 25, 1980) (*Cosgrove I*),[4] in which appellant was a named representative of a designated sub-class. According to appellees, the issues raised in *Cosgrove I* are identical to those raised in appellant's habeas petition; therefore, appellees moved the district court to dismiss appellant's habeas petition in order to avoid duplicative litigation. The United States magistrate to whom appellant's habeas petition was referred, agreed and recommended denying appellant's petition on that basis, inter alia. In addition, the magistrate recommended denying appellant's request to withdraw from *Cosgrove I* in order to pursue his habeas petition. Appellant filed objections

---

**1.** As of April 8, 1987, appellant's projected mandatory release date is February 14, 1988.

**2.** Appellant concedes that with regard to his last parole revocation decision, the USPC did apply one D.C. Code parole provision, D.C. Code Ann. § 24–206(a) (1981), which states in pertinent part, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." Previously, under USPC guidelines, appellant was credited for time spent on parole.

**3.** D.C. Code Ann. § 24–209 (1981) (emphasis added) provides:

The [United States] Board of Parole created by § 723a of Title 18, United States Code, *shall have and exercise the same power and authority* over prisoners convicted in the District of Columbia of crimes against the United States or now or hereafter confined in any United States penitentiary or prison (other than the penal institutions of the District of Columbia) as is vested in the District Board of Parole over prisoners confined in the penal institutions of the District of Columbia.

**4.** In *Cosgrove v. Smith*, No. 80–0516 (D.D.C. filed Feb. 25, 1980) (*Cosgrove I*), male D.C. Code offenders assigned to federal prisons brought suit challenging the application of federal parole guidelines to decisions on their parole. The government filed a motion for summary judgment which was sustained. On appeal, the court reversed and remanded for, inter alia, a factual resolution of the claim of disparate impact between federal and local parole standards. *See Cosgrove v. Smith*, 225 U.S.App.D.C. 235, 697 F.2d 1125, 1134 (1983) (*Cosgrove II*).

and the district court, after completing a de novo review, adopted the magistrate's report and recommendation. Thereafter, appellant filed this appeal. Counsel was appointed to represent appellant on appeal, and the appeal was expedited. Oral argument was presented by counsel for both parties by telephone conference call on January 21, 1988.

Although no precise rule has evolved with regard to the handling of instances where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). The threshold question to be addressed is whether the issues raised in appellant's habeas petition are, indeed, identical to those in the *Cosgrove I* class action.

As we read appellant's habeas petition, his claim constitutes a direct challenge to the authority of the USPC under D.C.Code Ann. § 24–209 to employ federal parole standards in making parole determinations for D.C.Code offenders assigned to federal institutions. This issue is presently pending in *Cosgrove I*.[5]

While the general principle is to avoid duplicative litigation, the determining factors should be equitable in nature, giving regard to wise judicial administration. *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). Under this principle, the district court in *Walker v. Luther,* 644 F.Supp. 76 (D.Conn.1986), *aff'd,* 830 F.2d 1208 (2d Cir.1987), exercised its concomitant jurisdiction and allowed *Cosgrove I* class members to proceed with their independent habeas claims.

Here, appellant's situation is one of urgency because his parole rehearing date under the D.C. parole guidelines may have already passed.[6] In addition, the magistrate's recommendation of February 17, 1987, was based upon the assumptions that *Cosgrove I* would be decided within a short time and that the issue at bar was one of disparate treatment which would require extensive development of facts. To date, almost eleven months later, the *Cosgrove I* litigation still continues. *See Cosgrove I,* No. 80–0516 (D.D.C.) (cross-motions for summary judgment pending and discovery reopened on October 8, 1987). We assume for the purposes of analysis in this case that the habeas court has the discretion to permit appellant to withdraw from the *Cosgrove I* class action lawsuit, even though appellant is a named representative of a designated sub-class in *Cosgrove I,* in order to proceed with his independent habeas claims. *Cf. Walker v. Luther,* 644 F.Supp. at 79 n. 9 (government conceded during oral argument that habeas court has discretion to allow class members to withdraw from *Cosgrove* class action). Permitting appellant to withdraw from *Cosgrove I* need not prejudice the other members of that sub-class or otherwise interfere with the progress of that litigation. *See* 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1765, at 288–91 n. 43 (2d ed. 1986) (citing cases in which class actions continued because of the presence of other class representatives or were held open until another member of the class was granted leave to intervene). Accordingly, we deem the present case to be an appropriate one for the exercise of concomitant jurisdiction. As previously noted, the issue presented by appellant is a question of statutory interpretation of D.C.Code Ann. § 24–209 to be determined as a matter of law; as such, we need not remand the issue for resolution.

■ Because the language of D.C.Code Ann. § 24–209 is at least arguably not free

---

**5.** On September 20, 1983, following remand to the district court, the *Cosgrove I* plaintiffs filed a second amended and consolidated complaint in which they specifically alleged that D.C.Code Ann. § 24–209 requires the application of D.C. parole guidelines to D.C.Code offenders housed in federal penal institutions.

**6.** Pursuant to D.C.Mun.Regs. tit. 28, § 103.4 (1984), rehearings for violators, such as appellant, with less than five years remaining to be served whose parole was revoked on the basis of technical violations shall ordinarily be held every six months. The USPC requires that subse-

quent hearings be held not less frequently than every twenty-four months for a prisoner with a sentence of seven years or longer. 18 U.S.C. § 4208(h)(2) (repealed effective Nov. 1, 1987). Appellant's last parole hearing was on July 21, 1986, and thus, his parole rehearing date under D.C. parole guidelines would probably have been January 21, 1987. Applying USPC regulations, however, appellant will never have the opportunity to be reconsidered for parole, because his statutory release date is February 14, 1988, less than twenty-four months after his last parole hearing.

from doubt, we must analyze the statute's plain language in light of its legislative history and consider other evidence of its import.

Our interpretation of Congress's reasons for adopting D.C.Code Ann. § 24–209 is the same as that reached by the majority in *Cosgrove v. Smith,* 225 U.S.App.D.C. 235, 697 F.2d 1125, 1134 (1983) (*Cosgrove II*), and *Johnson v. Williford,* 821 F.2d 1279 (7th Cir.1987).[7] *See Calvin v. United States Parole Comm'n,* 672 F.Supp. 256, 257–58 (E.D.Va.1987). *But seé Cosgrove II,* 697 F.2d at 1134–43 (Bork, J., concurring in part and dissenting in part).

As *Johnson v. Williford,* 821 F.2d at 1283, makes clear, the 1932 Act establishing the Board of Indeterminate Sentence and Parole for the District of Columbia (the D.C.Parole Act) was intended to provide the District of Columbia with a modern parole system that would be a model for the states. However, after passage of the D.C.Parole Act, it became necessary to send some D.C.Code offenders to federal prisons because of a lack of funding for a planned expansion of the prison at Lorton, Virginia, to house D.C.Code offenders. Congress was concerned that D.C.Code offenders housed in federal prisons would be ineligible for parole because neither the D.C.Board of Parole nor the United States Board of Parole (now the USPC) had authority to parole them. *Id.* at 1284. On the one hand, the D.C.Board of Parole had no jurisdiction over prisoners in federal institutions; on the other hand, the United States Board of Parole's authority extended only to those prisoners serving definite sentences, while all D.C.Code offenders served indeterminate sentences. *Id.* Accordingly, Congress amended the D.C.Parole Act by the Act of June 5, 1934, Ch. 391, 48 Stat. 880 (the 1934 Amendment), to include current D.C.Code Ann. § 24–209. *Johnson v. Williford,* 821 F.2d at 1284.

The legislative history of the 1934 Amendment shows that Congress intended D.C.Code offenders housed in federal pris-

ons to retain the benefits of the modern parole system created by the D.C.Parole Act. The letter of transmittal submitted by the D.C.Board of Commissioners to Congress with the proposed 1934 Amendment shows that the parole standards of the United States Board of Parole were deemed inapplicable to the D.C.Code offenders, because D.C.Code offenders served indeterminate sentences. H.R.Rep. No. 1446, 73d Cong., 2d Sess. (1934); *Johnson v. Williford,* 821 F.2d at 1284–85. Congress viewed the D.C.Parole Act as instituting a penal philosophy for the District of Columbia and intended the 1934 Amendment to extend this philosophy to D.C.Code offenders housed in federal prisons. *Johnson v. Williford,* 821 F.2d at 1285; *Cosgrove II,* 697 F.2d at 1130.

Furthermore, as explained in *Walker v. Luther,* 830 F.2d at 1214–15, current and contemporaneous judicial construction of D.C.Code Ann. § 24–209 also supports our conclusion that the statute requires the USPC to apply D.C. parole guidelines.

The statute's plain language, judicial construction and Congressional intent, as evidenced by the legislative history of D.C. Code Ann. § 24–209, lead us to hold that D.C.Code Ann. § 24–209 requires the USPC to apply D.C. parole guidelines in making parole determinations for D.C.Code offenders.

The court commends counsel for both parties for their cooperation in briefing and in presenting oral argument in this expedited appeal. The court also expresses its appreciation to Mr. Andrew Dunne for his assistance and able representation of appellant as appointed counsel.

Accordingly, the judgment of the district court is reversed and the case is remanded to the district court with instructions to permit appellant to withdraw from the *Cosgrove I* class action lawsuit, to grant the petition for writ of habeas corpus and to direct the USPC to conduct a parole hearing for appellant, applying the D.C. parole

---

7. In *Johnson v. Williford,* 821 F.2d 1279 (7th Cir.1987), the appellant, a D.C.Code violator, confined in a federal prison outside the district, filed a petition for habeas corpus following a USPC decision denying him parole. Specifically, the appellant challenged the authority of the USPC, inter alia, to decide his suitability for release under federal parole criteria on the basis that the statutory authority of the USPC pursuant to D.C.Code Ann. § 24–209 is limited to "the

same power and authority" as that of D.C. parole authorities and, therefore, the USPC must apply D.C. parole laws and regulations. *Id.* at 1280. Following a thorough examination of the legislative history of D.C.Code Ann. § 24–209, its application by federal agencies, and relevant case law, the court concluded that Congress statutorily mandated federal parole authorities to apply D.C. parole laws to *all* D.C.Code offenders. *Id.* at 1283–88.

guidelines, within ten days of the date of this opinion.[8]

### ORDER

March 4, 1988.

The Parole Commission's motion for recall of mandate and petition for rehearing are denied.

FAGG, Circuit Judge, dissenting.

### ORDER

March 15, 1988.

Upon further consideration, the court grants the government's motion to recall the mandate. This case became moot after the mandate issued, but during the time available to seek certiorari, when appellant was released from custody on February 19, 1988. Accordingly, we grant the government's motion to vacate the judgment of the court of appeals. The judgment of the district court is vacated and the case is remanded to the district court with directions to dismiss the case as moot. Mandate shall re-issue forthwith.

---

**8.** The court expresses no opinion as to whether or not appellant should actually be released on parole in advance of his mandatory release date.