842 F.2d 333
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael TABOR, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 87-1761.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1988.
 
 1
 Before MILBURN and BOGGS, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's judgment dismissing his petition seeking a writ of habeas corpus under 28 U.S.C. Sec. 2241. The case has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his petition, the petitioner presented the issue of whether a District of Columbia Code offender housed outside the District in a federal institution is subject to parole consideration under the D.C.Code or under federal parole guidelines. This issue has been expressly decided in favor of the petitioner's position, that is, the D.C.Code and not federal law controls the parole release date of D.C.Code offenders regardless of where the offender is incarcerated. See Walker v. Luther, 830 F.2d 1208 (2d Cir.1987); Johnson v. Williford, 821 F.2d 1279 (7th Cir.1987); Thomas v. United States Parole Comm'n, 672 F.Supp. 256 (E.D.Va.1987).
 
 
 4
 We conclude that the petitioner should not be required to further exhaust his administrative remedies with the U.S. Parole Commission before seeking federal habeas relief. See McKart v. United States, 395 U.S. 185, 200 (1969); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981) (per curiam). Petitioner's claim is not the type subject to interpretation by the rank and file of the Parole Commission, and further administrative proceeding would prove futile in view of the enunciated national policy of the Commission.
 
 
 5
 In light of case authority being expressly dispositive of petitioner's issue which is both factually and legally narrowly defined, the district court should consider on remand whether or not the doctrine of offensive collateral estoppel should apply in this case. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-33 (1979); Clay v. Johns-Manville Sales Corp., 722 F.2d 1289, 1295-96 (6th Cir.1983), cert. denied, 467 U.S. 1253 (1984); Patrick v. South Cent. Bell Tel. Co., 641 F.2d 1192, 1199 (6th Cir.1980). The decision to apply this doctrine rests in the discretion of the district court, and we do not imply that it should necessarily apply.
 
 
 6
 For these reasons, the district court's judgment is hereby vacated, and this case is remanded for further proceedings consistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation