842 F.2d 333
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William STEWART, Petitioner-Appellant,
v.
Patrick KEOHANE, Warden, Respondent-Appellee.
 No. 87-5603.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1988.
 
 Before KEITH, MARTIN and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's judgment dismissing his petition seeking a writ of habeas corpus under 28 U.S.C. Sec. 2241. The case has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Although the petitioner did file an inartfully drawn petition which was subject to dismissal under Sec. 1915(d), we conclude that he cured the deficiencies in the petition in his motion to amend filed after the entry of the district court's opinion but still one week before the entry of the court's final judgment. The district court should have, therefore, granted the motion to amend; at the very least, the court should have addressed the motion to amend before dismissing the suit. See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir.1987); Janikowski v. Bendix Corp., 823 F.2d 945, 951-52 (6th Cir.1987).
 
 
 3
 In his motion to amend, the petitioner presented the issue of whether a District of Columbia Code offender housed outside the District in a federal institution is subject to parole consideration under the D.C. Code or under federal parole guidelines. This issue has been expressly decided in favor of the petitioner's position, that is, the D.C. Code and not federal law controls the parole release date of D.C. Code offenders regardless of where the offender is incarcerated. See Walker v. Luther, 830 F.2d 1208 (2d Cir.1987); Johnson v. Williford, 821 F.2d 1279 (7th Cir.1987); Thomas v. United States Parole Comm'n, 672 F.Supp. 256 (E.D.Va.1987). Cf. Cosgrove v. Smith, 697 F.2d 1125 (D.C.Cir.1983) (although court stated that the D.C. Code should control, class action suit regarding this issue was remanded for further factual development).
 
 
 4
 For these reasons, the district court's judgment is hereby vacated and this case is remanded for further proceedings consistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit.