**C.J. WEEKLY,**

v.

**U.S. PAROLE COMMISSION, et al.**

**Civ. A. No. 88–108.**

United States District Court, E.D. Kentucky, Ashland Division.

Dec. 2, 1988.

E.J. Walbourn, III, Ashland, Ky., for petitioner.

## ORDER

WILHOIT, District Judge.

This matter is before the Court upon petitioner's motion for summary judgment in his *pro se* civil rights action. Consistent with local practice, this matter was referred to the Magistrate for initial scrutiny.

Since the petitioner names only one individual, Benjamin Baer, who is an officer of the United States Parole Commission, his claim for monetary damages for wrongful incarceration cannot be brought under 42 U.S.C. 1983, but, instead, can be brought under 28 U.S.C. Section 1331 under the *Bivens* doctrine. Petitioner also seeks immediate release from prison, giving the court habeas corpus jurisdiction under 28 U.S.C. Section 2241.

In a report and recommendation, the Magistrate recommended that the motion for summary judgment be granted in part and denied in part. The Magistrate recommended that the petitioner's motion for summary judgment be denied on his *Bivens* claim against the defendant Benjamin Baer, because the defendant has not been personally served. The Magistrate recommended that petitioner's motion for summary judgment be granted on his habeas claim and that the Parole Commission be directed to grant the plaintiff a new parole hearing and to apply the District of Columbia Parole Board's guidelines when it determined plaintiff's parole suitability. The respondents have filed objections to the Magistrate's report and recommendation.

Respondent's primary objection is that the Magistrate erred when he interpreted the phrase "same power and authority" in D.C.Code Section 24–209 to mean that the United States Parole Commission must apply the regulatory guidelines of the

D.C. Parole Board. The Respondents criticize the cases that the Magistrate relied upon in reaching his conclusion. In *Walker v. Luther*, 830 F.2d 1208 (2nd Cir.1987), the Court of Appeals for the Second Circuit addressed this issue and found the arguments of the United States Parole Commission unpersuasive.

> ... the Commission's parole regulations were promulgated to implement the *federal* parole statute. (Citation omitted) The federal regulations themselves quote the text of 18 U.S.C. Section 4206—the federal parole eligibility statute—almost verbatim in describing the Commission's criteria for parole decision-making, but significantly they contain no mention of Section 24–204, the D.C. parole eligibility statute. Hence, the Commission's claim that *its* regulations were somehow intended to implement D.C. parole statutes is simply wishful thinking.

*Walker*, at 1216. The Court of Appeals in *Walker* went on to note that the practices of the United States Parole Commission indicated that Congress does not distinguish between statutes and regulations in the parole area. The Court finds the arguments of the Court of Appeals for the Second Circuit persuasive. *See also Johnson v. Williford*, 821 F.2d 1279 (7th Cir. 1987) and *Thomas v. United States Parole Commission*, 672 F.Supp 256 (E.D.Va. 1987).

Respondents also object to granting petitioner the permission to withdraw from membership in the *Cosgrove* class. The respondents note that not all Courts have allowed *Cosgrove* class members to withdraw from the class. Nevertheless, if petitioner is correct in his claim, then he has been incarcerated almost one year longer than the D.C. guidelines would require. Under these circumstances, the Court must agree with the District Court in *Walker* and allow the petitioner to withdraw from the *Cosgrove* class.

Finally, respondents argue that the Magistrate misconstrued their constitutional argument. The respondents argue that an Executive Branch agency may not be re-

quired by Congress to apply policies set by an official who is not subject to removal by the President. *Bowsher v. Synar*, 478 U.S. 714, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986). The District of Columbia occupies a unique political position. It is both a state and a municipal corporation, not a federal entity, not an agency, department or member of a branch of the federal government. The separation of powers concern that was present in *Bowsher* is not present here; just as it is not present when the United States Parole Commission chooses to apply the parole eligibility guidelines of the sending jurisdiction when considering state and territorial prisoners.

Accordingly, the Court having reviewed the record and being sufficiently advised,

IT IS THEREFORE ORDERED AND ADJUDGED:

(1) that the report and recommendation of the Magistrate is adopted as the opinion of the Court;

(2) that in conformity with the Magistrate's recommendation, the petitioner's motion for summary judgment is DENIED, in part and GRANTED in part. Petitioner's motion is DENIED on his *Bivens* claim against Benjamin Baer, and GRANTED on his habeas claim;

(3) that the United States Parole Commission afford the petitioner a new parole hearing at the earliest practicable time and place, with the new parole hearing in accordance with District of Columbia parole standards.

## MAGISTRATE'S REPORT AND RECOMMENDATION

JOSEPH M. HOOD, United States Magistrate.

C.J. Weekly, an individual confined in the Federal Correctional Institution at Ashland, Kentucky, filed a *pro se* civil rights action under 42 U.S.C. Section 1983 [Record No. 2] and later amended that complaint to name Benjamin F. Baer as a defendant.[1] [Record No. 4.] He seeks re-

---

1. Weekly has also filed a "supplemental amend-    ed complaint" which essentially reiterates all

lease from custody on parole and $700.00 per month he is held in custody over the guidelines established for District of Columbia prisoners. The matter is before the court on Weekly's motion for summary judgment [Record No. 18] and, consistent with local practice, has been referred to the undersigned for initial consideration. 28 U.S.C. Section 636(b)(1)(B).

## I.

At the outset, several matters warrant discussion. Weekly clearly seeks damages for his allegedly wrongful incarceration. However, the only individual named in this action is Benjamin F. Baer, who Weekly describes as an officer of the United States Parole Commission. Since Baer's actions, as well as those of the United States Parole Commission, are governed by federal—not state—law, that portion of this cause of action seeking damages could not be brought under 42 U.S.C. Section 1983. *See, e.g., Hall v. United States*, 704 F.2d 246, 249 n. 1 (6th Cir.1983); *DelRaine v. Carlson*, 826 F.2d 698, 704 (7th Cir.1987). Nevertheless, it could be brought within the jurisdiction provided by 28 U.S.C. Section 1331 under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See, e.g., Hall*, 704 F.2d at 249 n. 1; *DelRaine*, 826 F.2d at 704. More will be said about this aspect of the case later.

## II.

Weekly is serving a three to nine year sentence for assault with a deadly weapon and assault with intent to commit robbery imposed by the District of Columbia Superior Court on August 22, 1984. He raises one argument, *viz.*, that the United States Parole Commission erred when it used federal parole guidelines instead of those promulgated by the District of Columbia. According to Weekly, if the latter guide-

lines were used, then he should have been released when eligible for parole in February 1987 instead of March 24, 1990, his mandatory release date.

Since Weekly seeks an earlier release from custody, this court has habeas corpus jurisdiction to grant such a request under 28 U.S.C. Section 2241. *See Preiser v. Rodriquez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Before such relief can be granted, however, Weekly must have exhausted his administrative remedies or it must be clearly shown that it would be futile to require him to exhaust those remedies. *See, e.g., Davis v. Keohane*, 835 F.2d 1147 (6th Cir.1987).

In this instance, there is no contention that Weekly has any administrative remedies available. Moreover, even if there were remedies available to Weekly, exercising those remedies would prove futile in light of the United States Parole Commission's argument that it would be unconstitutional for it to do what Weekly wants, *viz.*, apply the parole guidelines established by the District of Columbia Parole Board. [Record No. 15, p. 10–11.]

## III.

Weekly's claim is that the United States Parole Commission must apply guidelines promulgated by the District of Columbia Parole Board in determining his parole suitability. There is a wealth of support for his position. Indeed, the Second and Seventh Circuits have expressly adopted the position advanced by Weekly,[2] *see, Walker v. Luther*, 830 F.2d 1208 (2d Cir.1987) (*Walker II*), *aff'd*, 644 F.Supp. 76 (D.Conn. 1986); *Johnson v. Willford*, 821 F.2d 1279 (7th Cir.1987); *Ashby–Bey v. Meese*, 821 F.2d 1288 (7th Cir.1987), as has the Eastern District of Virginia. *See Thomas v. United States Parole Commission*, 672 F.Supp. 256 (E.D.Va.1987).[3] The rationale of these cases is persuasive.

---

previously stated matters. [Record No. 13.]

**2.** The Eighth Circuit did likewise. *See Brewer v. Swinson*, 837 F.2d 802 (8th Cir.1988). This decision was vacated when the petitioner/appellant was released from custody. *Id.* at 806.

**3.** The issue remains open in the District of Columbia Circuit. *See Cosgrove v. Smith*, 697 F.2d 1125 (D.C.Cir.1983) (*Cosgrove II*).

The United States Parole Commission raises several arguments in opposition to adopting this line of cases. First, and foremost, is the argument that since Walker is a member of the class in the District of Columbia litigation, *see Cosgrove v. Smith,* No. 80–0516 (D.D.C. filed February 25, 1980) (*Cosgrove I*), this court should avoid duplicative litigation by not addressing issues identical to those presented in that litigation. This argument was presented to, and rejected by, Judge Zampano in *Walker v. Luther,* 644 F.Supp. 76 (D.Conn. 1986) (*Walker I*), aff'd, 830 F.2d 1208 (2d Cir.1987).[4]

During oral argument in the *Walker* district court case, the government conceded that a habeas court has the discretion to allow a member of the class to withdraw from the *Cosgrove I* litigation. 644 F.Supp. at 79 n. 9. Moreover, the government did not challenge on appeal the *Walker I* district court's election to exercise *concomitant* jurisdiction over the merits of questions presented in that case.

Given the escargot-like pace of the *Cosgrove I* litigation[5] and the allegedly disparity in release dates under the different parole guidelines, this case is an appropriate one for concomitant jurisdiction. *Walker I,* 644 F.Supp. at 79.

The second argument advanced by the United States Parole Commission is that it would be unconstitutional for this court to require it to apply the parole guidelines established by the District of Columbia Parole Board when considering the parole eligibility of a District of Columbia male offender. Rhetorically, why is it then not unconstitutional for the United States Parole Commission to apply the District of Columbia Parole Board's guidelines when it considers a District of Columbia female offender for parole, *see Walker I,* 644 F.Supp. at 81, or for it to apply the parole eligibility criteria of the sending jurisdiction when considering state and territorial prisoners housed in federal prisons? *See Walker II,* 830 F.2d at 1216–17. Further comment is not warranted.

Accordingly, it is recommended that an order issue directing the United States Parole Commission to grant Weekly a *de novo* parole hearing within a specified period, *i.e.,* at the next hearing date at FCI–Ashland, and to weigh his suitability for parole in accordance with the guidelines promulgated by the District of Columbia Parole Board for District of Columbia offenders.

### IV.

Returning to Weekly's *Bivens* claim against Benjamin Baer, it must be noted that he has not been personally served with summons and a copy of the amended complaint.[6] [Record No. 17.] Since personal service is necessary before this court can acquire personal jurisdiction over Baer as an individual, *see The Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 116 (6th Cir.1988), this court cannot grant summary judgment to Weekly on this aspect of his case.

Accordingly, it is recommended that Weekly's motion for summary judgment be granted in part and denied in part and that the United States Parole Commission be directed to grant Weekly a *de novo* parole hearing on the next docket at FCI–Ashland and to weigh his suitability for parole in accordance with the guidelines promulgated by the District of Columbia Parole Board for District of Columbia offenders.

---

**4.** In *Brewer v. Swinson,* 837 F.2d 802, 804 (8th Cir.1988), the Eighth Circuit reversed a district court decision based on the same argument advanced here. As noted earlier, *ante* at no. 2, the *Brewer* decision has been vacated as moot due to the release of the petitioner/appellant from custody. 827 F.2d at 806.

**5.** The Clerk of the United States District Court for the District of Columbia advised the undersigned's staff today that the *Cosgrove I* case is still unresolved.

**6.** Summons and a copy of the complaint and of the amended complaint were served on an employee of the United States Parole Commission at its Southeast Regional Office. Although this would be sufficient to effect service on the defendant in his official capacity, it cannot suffice to bring him before the court in his individual capacity.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *Thomas v. Arn,* 728 F.2d 813 (6th Cir.1984), *aff'd,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Holbrook,* 794 F.2d 1152, 1154–55 (6th Cir.1986). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.