894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
C. Jesse WEEKLY, Plaintiff-Appellant,
v.
William R. STORY, Warden; Benjamin F. Baer; G. Mackenzie
Rast, Defendants-Appellees.
 No. 89-5959.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order dismissing his civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d). Additionally, plaintiff requests the appointment of counsel and has filed a "Motion Of Omissions From Or Misstatements In The Record and Stay Pending Review" and a "Motion for Entry of Judgment on Appeal." The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Jesse Weekly, a District of Columbia offender currently housed in federal prison in Texas, alleged that negligent acts by defendants, a prison warden and two members of the Parole Commission, caused him suffering and great mental pain. In a prior action he was awarded partial summary judgment based on the failure of defendant Parole Commission to apply District of Columbia parole guidelines, rather than federal guidelines, when determining his parole eligibility. See Weekly v. United States Parole Comm'n, 707 F.Supp. 282, 283 (E.D.Ky.1988). In the present action, Weekly requested monetary relief.
 
 
 3
 Upon review we conclude that dismissal was proper because Weekly's complaint is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). See Neitzke v. Williams, 109 S.Ct. 1827 (1989). Essentially, Weekly seeks compensatory damages as a remedy for the mental pain allegedly suffered due to defendants' failure to apply appropriate parole guidelines. A personal injury claim against federal officers or agents may be construed as a Bivens-type action, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or as a claim under the Federal Tort Claims Act. See 28 U.S.C. Sec. 2671 et seq. In either situation, Weekly must exhaust administrative remedies as a prerequisite to establishing his cause of action. See 28 U.S.C. Sec. 2675(a) (Federal Tort Claims Act); Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam) (Bivens -type actions). Although Weekly has documented repeated challenges to the Parole Commission, these concern the choice of guidelines and do not address a claim for monetary damages.
 
 
 4
 Moreover, Weekly's claims are frivolous within the meaning of 28 U.S.C. Sec. 1915(d) because defendants are entitled to immunity. See Neitzke, 109 S.Ct. at 1833. Defendants are immune from suit alleging a constitutional deprivation because at the time of the alleged misconduct, the law was not clearly established that District of Columbia offenders housed in federal prisons were subject only to the district's guidelines. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1988) ("clearly established"); Weekly, 707 F.Supp. at 283. Similarly, the Federal Tort Claims Act provides immunity for defendants acting pursuant to federal statute or exercising a discretionary function. See 28 U.S.C. Sec. 2680; Downs v. United States, 522 F.2d 990, 996 (6th Cir.1975).
 
 
 5
 Accordingly, all pending motions are hereby denied, and the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.