Quintin Jude RIVARDE, by their next friend Judy V. RIVARDE, Johnne Wallace, by their next friend, Judy V. Rivarde, Latasha Wallace, by their next friend, Judy V. Rivarde, Latoya Moore, by their next friend Judy V. Rivarde, Jillian Gee, by their next friend, Vera Navels, Laura Ann Thompson, by their next friend Threquinta Thompson, Lanita Thompson, by their next friend Threquinta Thompson, Maya Lynette Jones, by her next friend, Brenda Sylvan, Appellants,

v.

STATE OF MISSOURI, John Ashcroft, Governor of the State of Missouri, Missouri State Board of Education, Roseann Bentley, Dan L. Blackwell, Terry A. Bond, Thomas R. David, Susan D. Finke, Raymond F. McCallister, Jr., Cynthia B. Thompson, and Roger L. Tolliver, Robert E. Bartman, Commissioner of Education of the State of Missouri, The School District of Kansas City, Missouri, George F. Garcia, Superintendent of the School District of Kansas City, Missouri, Kansas City Missouri School Board, Paul Ballard, James Bonadonna, Sue Fulson, President, Fred Heine, Julia Hill, William De Foor, Robert Stephens, Carl Struby and Sandra Walker, Appellees.

No. 90–1249.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1990.

Decided April 16, 1991.

Stephen Miller, Kansas City, Mo., for appellants.

Daniel Kohrman, Washington, D.C., and Michael Fields, Jefferson City, Mo., for appellees.

Before JOHN R. GIBSON, MAGILL and BEAM, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

This is an appeal from an order of the district court[1] dismissing appellants' complaint on procedural grounds. The district court held that appellants were not entitled to bring a separate lawsuit seeking modification of a desegregation decree in a pending class action, and instead, must file a motion to intervene in the pending class action. On appeal, appellants contend that they are entitled to maintain an independent action and request this court to determine the issues of law presented in their

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

complaint. We affirm the dismissal by the district court.

Appellants, a group of black students enrolled in the Kansas City, Missouri, School District, through their parents or friends, filed a complaint alleging that the State of Missouri and the Kansas City, Missouri, School District violated their constitutional right to a desegregated education. Appellants allege that the remedy approved in *Jenkins v. State of Missouri*, 855 F.2d 1295, 1301–04 (8th Cir.1988), has not eliminated the vestiges of segregation, and seek an order directing the State of Missouri and the Kansas City, Missouri, School District to provide their parent with educational grants that would allow them to attend a private school[2] of their choice in the Kansas City metropolitan area.

Appellants are members of the class certified in *Jenkins v. State of Missouri*, No. 77–0420–CV–W–4 (W.D.Mo.). Appellants' case was originally assigned to the Honorable Joseph E. Stevens, Jr., who granted the defendants' motions to transfer this lawsuit to the Honorable Russell G. Clark. *Rivarde v. State of Missouri*, No. 89–0671–CV–W–8, slip op. at 3 (W.D.Mo. Oct. 18, 1989). Judge Stevens made no ruling on KCMSD's alternative motion to dismiss, believing that issue should be presented to and decided by Judge Clark. *Id.*

Judge Clark granted KCMSD's motion to dismiss based on his holding that appellants could not bring an independent action, but must bring their claims in a motion to intervene in the pending *Jenkins* class action. *Rivarde v. State of Missouri*, No. 89–0671–W–4, slip op. at 5 (W.D.Mo. Nov. 28, 1989). In the interests of judicial economy, the district court went on to treat appellants' complaint as a motion to intervene and ruled that appellants should not be allowed to intervene as of right or permissively in *Jenkins* at this time. *Id.* at 6–8. Judge Clark did not, however, enter a formal judgment with respect to this issue,

but instead, based the dismissal only on the ground that appellants could not bring a separate action and must file a motion to intervene in the class action. *Rivarde v. State of Missouri*, No. 89–0671–CV–W–4, slip op. at 3 (W.D.Mo. Jan. 4, 1990). Appellants did not file a motion to intervene and, instead, appealed the dismissal.[3]

Appellants first argue that the district court concluded as a matter of law that appellants "do not have the right to maintain a separate suit", *Rivarde*, No. 89–0671–CV–W–4, slip op. at 5 (Nov. 28, 1989), and that this court should review the district court's ruling de novo. The district court dismissed appellants' complaint based on a rule of procedure, not a rule of law, and it is well settled that the district court has broad discretion in matters of judicial procedure. *See, e.g., Goff v. Menke*, 672 F.2d 702, 705 (8th Cir.1982) (motion to consolidate). We, therefore, consider whether the district court abused its discretion in granting KCMSD's motion to dismiss.

In holding that appellants were not entitled to bring an independent action, the district court relied on three cases considering the propriety of allowing a separate action to proceed in the wake of a pending school desegregation class action. In *Miller v. Board of Education*, 667 F.2d 946 (10th Cir.1982) (per curiam), the Tenth Circuit affirmed the district court's dismissal of two consolidated actions challenging the defendant school district's implementation of desegregation orders following the Supreme Court's direction in *Brown v. Board of Education*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954). *Miller*, 667 F.2d at 949. The Tenth Circuit affirmed the district court's ruling that "separate actions attacking the implementation of the desegregation program ... should not proceed separately." *Id.* at 947. The court stated:

> The necessity for an orderly administration of the courts does at times require the consolidation of actions or a direction

2. All or nearly all of the private schools which have agreed to accept students under the program suggested by appellants are parochial schools.

3. The American Federation of Teachers and Local 691 also filed an amicus curiae brief in further support of the KCMSD and the State of Missouri. The arguments presented in the amicus brief are identical to the ones asserted by the named appellees.

to seek intervention in ongoing class actions where the same issues are presented[,] where the plaintiffs are apparently members of the class [and where they are] proceeding against the same or some of the same defendants. There is no right to maintain separate actions in these circumstances.

*Id.* at 949.

In *Hines v. Rapides Parish School Board*, 479 F.2d 762 (5th Cir.1973), the Fifth Circuit dismissed a lawsuit brought by parents of schoolchildren subject to a desegregation order, ruling that the parents were not entitled to a separate action "question[ing] current deficiencies in the implementation of desegregation orders...." *Id.* at 765. The Fifth Circuit reached this result to avoid "fostering a multiplicity of new lawsuits over the same complicated and emotional issues which have already once been fought out in an all too lengthy court battle." *Id.*

Finally, the district court noted that the Ninth Circuit has also held that the appropriate procedure for a group of parents seeking to question the implementation of a desegregation order is to intervene in the pending class action. *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1328–29 (9th Cir.1977) (citing *Hines*, 479 F.2d at 765).

Appellants argue that the district court mistakenly relied on these three cases, which are not binding in this circuit and which are factually distinguishable on numerous grounds. Appellants also assert that an action independent of *Jenkins* has already been authorized by this court in *Jenkins v. State of Missouri*, 904 F.2d 415 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 346, 112 L.Ed.2d 311 (1990). We address these arguments in turn.

It is true that the Eighth Circuit has not previously considered whether plaintiffs may bring a new and independent action raising claims based on a desegregation order issued in a pending class action. Nevertheless, *Goff v. Menke*, 672 F.2d 702 (8th Cir.1982), is instructive. In that case, a prisoner in the Iowa State Penitentiary and a member of a certified class of plain-

tiffs in ongoing litigation concerning prison conditions, filed an independent suit on his own behalf. *Id.* at 703. After the district court granted the prisoner equitable relief, this court reversed, holding that the district court abused its discretion in allowing the prisoner to bring an independent action. *Id.* at 705. "[A] class member should not be able to prosecute a separate equitable action once his or her class has been certified." *Id.* at 704. This court held that the prisoner's avenue for relief was limited to seeking relief through the class representative or by intervening in the class action. *Id.*

Appellants argue that the cases relied on by the district court are distinguishable on numerous grounds. In particular, they urge that the cases are factually distinguishable because plaintiffs in those cases attacked and sought to modify an existing desegregation plan. Appellants contend that they support the *Jenkins* plan and are merely seeking "further and necessary relief." Appellants say that this general relief has already been approved by the *Jenkins* court and that the specific relief they seek (funding to attend private schools) has already been recommended by the Desegregation Monitoring Committee. They also contend that the cases are distinguishable because those cases involved challenges to the factual determinations of the desegregation order, and factual disputes as to whether the school districts had achieved unitary status. Finally, they claim that the cases are distinguishable because they are relying on "new facts" not before the *Jenkins* court and because they have an opportunity for immediate relief.

We are not persuaded by appellants' reasoning. First, appellants' support, or lack thereof, for an existing desegregation plan was not the rationale for the results reached in *Miller, Hines* or *Spangler*. Instead, those courts based their rulings on interests of judicial economy:

... [T]his court must attempt to set out a method which allows parent groups to present their complaints about the school system which results from a desegregation order without fostering a multiplici-

ty of new lawsuits over the same complicated and emotional issues which have already once been fought out in an all too lengthy court battle.

*Hines,* 479 F.2d at 765; *Miller,* 667 F.2d at 949 ("The necessity for an orderly administration of the courts does at times require the consolidation of actions or a direction to seek intervention in ongoing class actions where the same issues are presented...."); *see also Goff,* 672 F.2d at 704–05.

Second, appellants' claim that they seek "further" relief and are not attempting to "modify" an existing desegregation plan proves too much. Directing that parents of schoolchildren in the Kansas City, Missouri, School District be provided educational grants to allow their children to attend private schools may grant further relief—but it would indisputably "modify" the existing desegregation order. *See Miller,* 667 F.2d at 949 ("There may be some difference in the remedies sought but this does not lead to a different conclusion").

Appellants' argument that the relief sought has been generally approved by the district court and specifically approved by the Desegregation Monitoring Committee lends credence to the district court's determination that their claims should be brought in the *Jenkins* action to avoid litigating the same issues in two independent actions. Finally, that appellants do not challenge the *Jenkins* court's factual findings or dispute whether the district has achieved unitary status is of no consequence to the results reached in the cases the district court relied on, and are also issues that can appropriately be decided in the *Jenkins* action. Although it is true that the cases from the Fifth, Ninth and Tenth Circuits are not binding on this court, those cases are factually similar and persuasive.

Appellants next argue that they should be allowed to bring an action independent from *Jenkins,* and that this court has already allowed members of the *Jenkins* class to bring a separate action in *Jenkins v. State of Missouri,* 904 F.2d 415 (8th Cir.1990). That case, however, involved an action brought by schoolchildren (the *Nay-*

*lor* plaintiffs) who alleged that they were denied admission to three suburban Kansas City school districts because of their race. *Id.* at 418. Therefore, that case was premised on an allegation of a new and separate constitutional violation against suburban school districts that were not parties in *Jenkins.* In contrast, the appellants here premise liability on the same grounds as in the *Jenkins* class action and seek a remedy against the parties in *Jenkins.*

Finally, appellants contend that equitable factors entitle them to bring an independent action. They assert that their need for judicial assistance is urgent and that they will soon face another year of segregated education. For these reasons, they claim that the court should allow an independent cause of action like that authorized in *Brewer v. Swinson,* 837 F.2d 802 (8th Cir.1988), *vacated on other grounds,* 837 F.2d at 806 (8th Cir.1988), and *Walker v. Luther,* 644 F.Supp. 76 (D.Conn.1986), *aff'd,* 830 F.2d 1208 (2d Cir.1987). In *Brewer,* this court allowed an individual prisoner, who was the named representative in a certified class action, to withdraw from the class and bring an independent habeas corpus action asserting the same claims as those in the pending class action. This court noted that "[w]hile the general principle is to avoid duplicative litigation, the determining factors should be equitable in nature, giving regard to wise judicial administration." *Brewer,* 837 F.2d at 804. Likewise, the district court in *Walker* permitted an individual prisoner to bring an action independent of a pending class action "[i]n the interests of justice and fairness." 644 F.Supp. at 79.

*Brewer* and *Walker* are habeas corpus actions challenging the application of federal parole guidelines. The urgency pointed to by this court and the Connecticut district court concerned the prisoner's individual particular situation as compared to the other class members. Here, appellants have no basis for claiming a right to immediate relief different than the other *Jenkins* class members. Moreover, there is no reason to believe that appellants' claims will be resolved sooner in an independent ac-

tion. The issues of liability and remedy in *Jenkins* have been litigated in the Supreme Court. *See State of Missouri v. Jenkins,* — U.S. ——, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990). *Cf. Walker,* 644 F.Supp. at 79 (extensive development of factual record in class action lacking). Finally, plaintiffs in *Brewer* and *Walker* sought relief consistent with that sought in the pending class actions. *Brewer,* 837 F.2d at 804; *Walker,* 644 F.Supp. at 79. In contrast, appellants here seek an additional and different remedy from that ordered in the class action. Indeed, appellants' case is premised on the allegation that the *Jenkins* remedy is ineffective. For these reasons, appellants are not entitled to bring an independent action.

In many respects, appellants deserve praise for their offer to voluntarily participate in expanding the scope of remedies in the Kansas City school desegregation litigation that has been so vigorously resisted over nearly every detail. Nevertheless, the district court correctly applied procedural requirements in reaching its result. We also observe that the expansion of the remedy by the proposed means would lead to yet another constitutional battleground. *See Pulido v. Cavazos,* Nos. 90–1191, 90–1239, 90–1240 (8th Cir. argued October 8, 1990).

For the reasons set forth above, we affirm the judgment of the district court.