**Nancy Anne SPANGLER et al., Plaintiff-Appellee,**

**United States of America, Plaintiff-Intervenor-Appellee,**

**v.**

**PASADENA CITY BOARD OF EDUCATION et al., Defendants-Appellants.**

**No. 75–3300.**

United States Court of Appeals, Ninth Circuit.

April 27, 1977.

As Amended May 3, 1977.

Lee G. Paul and Peter D. Collisson, argued, Paul, Hastings & Janofsky, Los Angeles, Cal., for defendants-appellants.

Fred Okrand, ACLU Foundation of So. Cal., argued, Gary M. Paul, Atty., James Stotter, II, Asst. U. S. Atty., Los Angeles, Cal., Samuel J. Flanagan and Neal Tonkin, Attys., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee and U. S.

Before GOODWIN, KENNEDY and ANDERSON, Circuit Judges.

KENNEDY, Circuit Judge:

In 1970 the district court ordered the Pasadena Unified School District to implement a district-wide plan to remedy the effects of past racial discrimination in its schools. The plan was called the "Pasadena Plan." The history of the litigation is set forth in the margin.[1]

1. The underlying suit was filed on August 28, 1968 as a private action for injunctive relief from alleged unconstitutional segregation in the district's high schools. In 1969, this court reversed an order of the district court granting the school board's motion to strike allegations in the Government's complaint in intervention concerning elementary, junior high, and special schools and remanded the case to the district court with instructions to reinstate the stricken allegations. *Spangler v. United States*, 415 F.2d 1242 (9th Cir. 1969).

In 1970, following trial, the district court entered a judgment holding that the school system was segregated as a result of the intentional acts and omissions of the defendants. The Pasadena School District was ordered to undertake extensive measures to desegregate its schools. *Spangler v. Pasadena City Bd. of Educ.*, 311 F.Supp. 501 (C.D.Cal.1970). That order was not appealed. The district court subsequently denied a motion filed by parents who sought intervention to appeal the decision. We affirmed the ruling denying intervention. *Spangler v. Pasadena City Bd. of Educ.*, 427 F.2d 1352 (9th Cir. 1970).

In 1974, the school board requested that the district court dissolve its injunction and terminate its continuing jurisdiction or, in the alternative, that it permit modification of the Pasa-

dena Plan. The district court declined to grant the requested relief. *Spangler v. Pasadena City Bd. of Educ.*, 375 F.Supp. 1304 (C.D.Cal.1974). By a divided opinion, we affirmed the decree. *Spangler v. Pasadena City Bd. of Educ.*, 519 F.2d 430 (9th Cir. 1975). The Supreme Court reversed. *Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976). After a remand to this court, we ordered a further remand of the case to the district court. *Spangler v. Pasadena City Bd. of Educ.*, No. 74–2116, 549 F.2d 733, (9th Cir. 1977).

The school board was held in contempt by the district court for failing to comply with hiring procedures set forth in the Pasadena Plan, and the court ordered certain remedial measures to be taken. *Spangler v. Pasadena City Bd. of Educ.*, 384 F.Supp. 846 (C.D.Cal. 1974). On appeal we held, by a divided opinion, that the civil contempt action was moot and that certain portions of the district court's order were to be reversed. *Spangler v. Pasadena City Bd. of Educ.*, 537 F.2d 1031 (9th Cir. 1976).

The instant proceedings commenced in the district court in August 1975. The district court filed its opinion on September 30, 1975. The opinion has not been reported.

In 1973 the Pasadena School District decided to operate, on an experimental basis, elementary schools called "fundamental schools." The curriculum in fundamental schools is designed to stress basic skills in reading, written expression, and mathematics. Conversion to fundamental schools was to begin at the kindergarten level. Children could elect to apply for admission to the fundamental schools, rather than to attend the regular curriculum schools in the district. In 1973 the first school started to convert to a fundamental curriculum by introducing the new program at the kindergarten level. It was in a white neighborhood. In 1975 a fundamental curriculum was instituted at Audubon School, which is located in a black neighborhood.

In August 1975 eight persons who had not previously been parties to any of the Pasadena school cases appeared in the original suit. They filed an affidavit stating that they were parents of children adversely affected by operation of Audubon as a fundamental school. They claimed that their children would have attended Audubon as a regular curriculum neighborhood school had it not been converted to a fundamental school. Their attorneys, without filing a motion to intervene, asked the court to find that operation of Audubon as a fundamental school violated the Pasadena Plan and to order appropriate relief. The district court held evidentiary hearings and made extensive findings.[2] Thereafter, it ordered the school district to cease operating Audubon as a fundamental school and enjoined the formation of other fundamental schools except on fulfillment of stated conditions designed to insure compliance with the Pasadena Plan. The court awarded attorneys' fees and costs in the total amount of $10,224.20 to the attorneys for the eight parents. The school district appeals.

The eight parents who initiated the proceedings that resulted in the order at issue here neither were joined as parties to this suit under Fed.R.Civ.P. 21, nor did they move to intervene under Fed.R.Civ.P. 24. The parties who had originally instituted the Spangler litigation did not take part in the proceedings below; they have either graduated or for other reasons are not now attending the district schools. Therefore, had the United States not intervened at an earlier stage, the case would be moot. *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 430–31, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976).

■ On appeal the parents who initiated the proceedings below urge us to order their joinder under Fed.R.Civ.P. 21. Even at the appellate level, similar relief has sometimes been granted where the parties seeking joinder requested the same remedy as the original parties and offered all the same reasons for relief, and where their earlier joinder would not have affected the course of the litigation. *Rogers v. Paul*, 382 U.S. 198, 199, 86 S.Ct. 358, 15 L.Ed.2d 265 (1965); *Mullaney v. Anderson*, 342 U.S. 415, 417, 72 S.Ct. 428, 96 L.Ed. 458 (1951); *Anglo Canadian Shipping Co. v. United States*, 238 F.2d 18, 19 (9th Cir. 1956). But the circumstances in this case are different. Here, the United States, currently the only proper plaintiff in this action, takes a position that is adverse to the moving parents on some of the substantive issues presented in the instant proceedings. Moreover, the considerations pertinent to deciding the issues in these proceedings are not necessarily the same as those raised in the original suit. Finally, it is as yet unclear whether the district court should have continued to exercise ongoing jurisdiction over the original action. *Pasadena City Board of Education v. Spangler*, 427 U.S. at 434, 96 S.Ct. 2697; *Spangler v. Pasadena City Bd. of Education*, No. 74–2116, 549 F.2d 733 (9th Cir. 1977). Under these circumstances, we decline to direct joinder of these parents in this court.

■ Furthermore, intervention, not joinder pursuant to Fed.R.Civ.P. 21, is the ap-

---

**2.** The United States did not seek the relief requested below or participate actively in the district court proceedings. On appeal the Government filed briefs stating its position and participated in the oral argument.

propriate procedure for these parties, who sought, on their own initiative, to enter the suit. "[T]he proper course for parental groups seeking to question current deficiencies in the implementation of desegregation orders is for the group to petition the district court to allow it to intervene in the prior action." *Hines v. Rapides Parish School Board*, 479 F.2d 762, 765 (5th Cir. 1973). If leave to intervene is granted, there should be a determination on the record that the motion has been granted either as a matter of right, Fed.R.Civ.P. 24(a), or by permission of the court, Fed.R.Civ.P. 24(b).

■ The eight parties seeking relief in this case in effect sought recognition as intervenors. They therefore were required to file a motion to intervene pursuant to Fed.R.Civ.P. 24(c). They did not do so. The lower court made no determination of their status as intervenors. If a court has for some reason permitted persons who are not parties to a suit to participate in some stage of the proceedings, this will rarely, if ever, suffice to eliminate the necessity of formal intervention for these persons to become parties in their own right. Thus, it was error for the court to conduct proceedings at the moving parents' request and to grant relief in their favor.

On remand, the district court may determine that the parents should be allowed to intervene in the action. At an earlier stage of this litigation we affirmed the district court's determination that a group of parents could not intervene in the suit as a matter of right. *Spangler v. Pasadena City Board of Education*, 427 F.2d 1352 (9th Cir. 1970). In other actions involving school desegregation, however, we have allowed intervention by parents as a matter of right where the issues that emerge during the litigation are such that intervention is war-

ranted. *Johnson v. San Francisco Unified School District*, 500 F.2d 349 (9th Cir. 1974). It may be that in light of the issues now presented in this case, intervention as a matter of right should be granted. On this record, however, there is no basis for us so to determine, nor was the issue addressed in the first · instance by the district court.

■ Where a party may not intervene as a matter of right, the trial court may consider whether permissive intervention is appropriate. Although a district court's discretion in this regard is broad, it is nevertheless subject to review on appeal. *United States v. Board of School Commissioners*, 466 F.2d 573, 576 (7th Cir. 1972). If the trial court determines that the initial conditions for permissive intervention under rule 24(b)(1) or 24(b)(2) are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention. These relevant factors include the nature and extent of the intervenors' interest, their standing to raise relevant legal issues,[3] the legal position they seek to advance, and its probable relation to the merits of the case.[4] The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined,[5] whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation,[6] and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.[7] No such determinations or rulings were made in the present case.

The Supreme Court, on a review of this case arising from an earlier decree of the district court, made it clear that the identi-

---

3. *See Smuck v. Hobson*, 132 U.S.App.D.C. 372, 408 F.2d 175 (1969) (intervention as of right).

4. *Hatton v. County Bd. of Educ.*, 422 F.2d 457, 461 (6th Cir. 1970); *Fuller v. Volk*, 351 F.2d 323, 329 (3d Cir. 1965).

5. *United States v. Bd. of School Comm'rs*, 466 F.2d 573, 576 (7th Cir. 1972). *See Johnson v.*

*San Francisco Unified School District*, 500 F.2d 349, 354 (9th Cir. 1974) (intervention as of right).

6. Fed.R.Civ.P. 24(b).

7. *See Hines v. Rapides Parish School Bd.*, 479 F.2d 762, 765 (5th Cir. 1973).

**1330**

ty of the parties to the suit is critical to a determination whether the suit is moot as to those parties. *Pasadena City Board of Education v. Spangler,* 427 U.S. at 430, 96 S.Ct. 2697. We cannot in the present posture of this case appropriately determine whether these individual parents should be permitted to intervene in the action where they have declined to move for intervention, thus thwarting full consideration of the many factors that bear upon the decision to admit them as plaintiffs to the suit. Further, the Supreme Court held that the action may not be considered a class action since it was never certified as such. *Id.* We therefore may not cure the substantial defect in these proceedings by finding that the parents before us are class members.

We hold that the parents-appellees were not proper parties in the proceedings below. We reverse the order awarding attorneys' fees and vacate all other portions of the district court's judgment that is the subject of this appeal. In view of our determination that the parents in this proceeding were not properly before us, we do not reach appellants' argument that the district judge should have recused himself from further participation in the case, and we express no views on the issue.

By order of this court in appeal No. 2116, the district court is required to make current findings of fact and to issue a superseding judgment or decree. In these further proceedings the district court may have before it motions to intervene by persons seeking a ruling that the operation of Audubon and other fundamental schools, under present attendance patterns, affects desegregation of the Pasadena schools in a legally significant way. The propriety of considering such motions and of granting the requested relief, as well as the threshold question whether the district court should terminate its jurisdiction over the Pasadena School District, are matters for the trial court to determine in the first instance. We express no views thereon.

REVERSED in part, VACATED in part, and REMANDED to the district court for further proceedings consistent with the

views here stated. The mandate herein shall issue forthwith.