Richard W. SEILS, Individually and on Behalf of All Other Persons Similarly Situated, Lois Vreeland, Individually and on Behalf of All other Persons Similarly Situated, Plaintiffs,

v.

ROCHESTER CITY SCHOOL DISTRICT, et al., Defendants.

No. 98–CV–6197L.

United States District Court, W.D. New York.

March 15, 2001.

---

Emmelyn Logan–Baldwin, Esq., Rochester, NY, for plaintiffs.

Stephanie L. Adler, Esq., Harter, Secrest and Emery LLP, Rochester, NY, Louis N. Kash, Esq., for defendants.

*DECISION AND ORDER*

LARIMER, Chief Judge.

## I. INTRODUCTION

The facts of this case are set forth in my prior decision,[1] entered December 12, 2000 (Dkt.# 139), familiarity with which is assumed, and will not be repeated at length here. Briefly, Richard Seils ("Seils") and Lois Vreeland ("Vreeland") (collectively "plaintiffs"), teachers in defendant Rochester City School District ("RCSD") and members of former defendant Rochester Teachers' Association ("RTA"), commenced this action against twenty-eight defendants. They allege, in fifteen separate causes of action, claims involving breach of contract, discrimination, and retaliation in violation of Title VII, 42 U.S.C. § 1983 (" § 1983"), 42 U.S.C. § 1985 (" § 1985"), and the N.Y. Human Rights Law ("HRL").

The amended complaint, containing 138 separate paragraphs covering 35 pages, alleges claims on behalf of a purported class for violations of Title VII, § 1983 and the HRL. In addition, both Seils and Vreeland set forth separate individual claims of a similar nature. The case has not been certified as a class action.

Currently before the Court are the motions to intervene, either as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or by permission pursuant to Rule 24(b)(2), by Nancy Coons ("Coons") and Mary Lou Bliss ("Bliss").[2] For the reasons that follow, both motions are denied.

## II. FACTUAL BACKGROUND

### A. *Richard Seils*

Seils, a fifty-eight year-old Caucasian male, had been employed by RCSD as a teacher since 1968; he retired in 1998. In large part, Seils' complaint stems from an incident in December 1995 where Seils was accused of striking a student while employed as a technology teacher at Frederick Douglass Middle School ("Douglass"). Seils was disciplined for that action. He alleges in this complaint that "defendants"[3] punished him and other RCSD employees "based on race and/or age and/or sex and/or national origin and/or disability," and that older[4] Caucasian employees were more severely punished than other employees (Complaint, ¶ 52).

### B. *Lois Vreeland*

Vreeland has been a special education teacher at Franklin High School ("Franklin") since 1988. In January 1996, Vreeland obtained an order of protection from the Rochester City Court, pursuant to section 530.13 of the New York Criminal Procedure Law, against Elizabeth Pardner, a parent of one of Vreeland's students. Pardner had previously threatened Vreeland. The order prohibited Pardner from having any contact with Vreeland. Nevertheless, in violation of the order, Pardner gained entry into Franklin, and an encounter between the two women ensued.

In February 1996, Vreeland filed a grievance alleging that RCSD violated section 25 of the RTA–RCSD collective bargaining

---

1. By decision and order, entered December 12, 2000, I granted RTA's motion for summary judgment. RTA is, therefore, no longer a party in this action.

2. A similar motion to intervene was filed on behalf of Ann Matics. However, on February 5, 2001, Ms. Matics voluntarily withdrew her motion. *See* February 5, 2001 affidavit of Ann Matics. (Dkt.# 141).

3. As is the case throughout the complaint, plaintiffs are very vague as to precisely which defendant did what to cause the statutory violations alleged here.

4. At the time he filed his charge of discrimination with the EEOC, he was fifty-three.

agreement because the building administrator "allowed subject of court order of protection into [the school] building . . . ." The parties subsequently agreed that Franklin's building administrator would be advised to be more attentive to any orders of protection involving Vreeland. Based upon a number of factors, including (a) RCSD's assurance that orders of protection would be more closely monitored in the future, (b) the order of protection involving Vreeland was to expire by its own terms on July 26, 1996, and (c) the student whose parent was involved would no longer be attending Franklin after June 1996, the Grievance Committee decided, after consultation with Vreeland, to close the grievance.

Vreeland also alleges a laundry list of claims she considers "harassment" by students and parents or guardians of students that she experienced while at Franklin.

### C. Proposed Intervenor Nancy Coons

Coons is an art teacher at School No. 6, an RCSD elementary school. She was hired in 1993 as a substitute teacher, and in 1998 she accepted a full time position. Like Seils and Vreeland, Coons alleges a variety of claims in her proposed complaint. However, she appears to focus her claims on RCSD's hiring and transfer procedures. In particular, she alleges both that she was not offered a permanent position sooner and that her request to transfer to a different school was denied because of her race and national origin, and that she was also discriminated against because of her color and gender, and in retaliation for her actions.

On July 6, 2000, Coons commenced a separate action. *Coons v. Board of Education,* 00–CV–6310. The complaint she filed in that action appears to be identical to the proposed complaint she submitted in support of her present motion to intervene in this action.

### D. Proposed Intervenor Mary Lou Bliss

Bliss was hired by RCSD in 1988 as a special education teacher. As with Seils, Vreeland, and Coons, Bliss articulates a variety of claims. Among them are claims that defendants discriminated against her because of her "race and/or color and/or sex and/or

age" and retaliated against her. Proposed Complaint, ¶ 5. She also claims that she was physically assaulted by a student in 1998, which necessitated hospitalization and a disability leave of absence from her teaching position at Franklin. Bliss further claims that when she returned to her position, she was subjected to further student abuse. Bliss has been on a medical leave since October 1999. Bliss alleges severe personal injuries as a result of student assault and abuse.

On October 20, 2000, Bliss commenced a separate action. *Bliss v. Rochester City School Dist.,* 00–CV–6516. The complaint she filed in that action appears to be identical to the proposed complaint she submitted in support of her present motion to intervene in this action.

### III. DISCUSSION

#### A. Intervention as of Right

Coons and Bliss seek to intervene as of right in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, which provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2).

The parties do not dispute that intervention of right requires that the proposed intervenor (1) file a timely motion; (2) show an interest in the litigation; (3) show that her interest may be impaired by the disposition of the action; and (4) show that her interest is not adequately protected by the parties to the action. *D'Amato v. Deutsche Bank,* 236 F.3d 78, 84 (2d Cir.2001); *In re Holocaust Victim Assets Litig.,* 225 F.3d 191, 197–98 (2d Cir.2000). Denial of the motion to intervene is proper if *any* of these requirements is not met. *Id.* The moving party has the burden of demonstrating its entitlement to intervene. *United States v.*

*Texas Eastern Transmission Corp.*, 923 F.2d 410, 414 (5th Cir.1991). In my view, both Coons and Bliss have failed to demonstrate that they meet these requirements. Therefore, intervention as of right is precluded.

■ Due to "the multitude of possible intervention situations" which Rule 24(a)(2) is designed to cover, the word "interest" as used in the rule "defies a simple definition." *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods.*, 725 F.2d 871, 874–75 (2d Cir.1984). It is clear, however, that the "rule impliedly refers not to *any* interest the applicant can put forward, but only to a legally protectable one." *City of Cleveland, Ohio v. Nuclear Regulatory Comm.*, 17 F.3d 1515, 1517 (D.C.Cir.1994) (quoting *Southern Christian Leadership Conf. v. Kelley*, 747 F.2d 777, 779 (D.C.Cir.1984)). The interest that will satisfy the requirements of the rule has been characterized as one which is significantly protectable, direct, and immediate, as opposed to one which is remote or contingent. *United States v. State of New York*, 820 F.2d 554, 558 (2d Cir.1987); *H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 88 (2d Cir.1986).

■ In my view, movants do not have a sufficient interest in the "property or transaction" which is the subject of this suit to give rise to a right to intervene. Movants contend that they make "some of the same allegations in some of the same circumstances and in varying circumstances." Coons' Brief, p. 2, Dkt. # 61; Bliss' Brief, p. 2, Dkt. # 98. While it may be true that movants make *some* of the same allegations, the majority of their allegations are completely unique to each individual. In fact, movants themselves argue convincingly that their claims are very different from those of Seils and Vreeland. Coons asserts that there are "significant differences" between her career and the careers of Seils and Vreeland. Coons' Brief, p. 3, Dkt. # 61. She further asserts that she "has been impacted in additional and different ways than the other plaintiffs," and that her "situation presents a variation in the factual pattern supporting the Seils/Vreeland discrimination claims." *Id.*, pp. 3, 7. Because much of Bliss' brief is an identical copy of Coons' brief, Bliss makes these identical assertions as well. Bliss' Brief, p. 3, 7, Dkt. # 98. Mov-

ants mistakenly interpret these differences as grounds for intervention; however, these differences are actually compelling reasons why intervention should be denied.

■ The mere fact that both plaintiffs in this action and movants raise claims against certain of the same defendants does not constitute the requisite "interest" in the litigation to warrant intervention. As articulated in each movant's proposed complaint, their interests lie in their individual claims of discrimination against the defendants that they have named. As stated, Seils' complaint, in large measure, challenges the discipline he received due to his involvement in an altercation with a student. Vreeland's complaint challenges the abuse she allegedly received by certain students and their relatives or guardians. These claims do not relate directly to Coons' separate disparate treatment claims that she was denied a permanent position or a transfer, or Bliss' separate disparate treatment claims that she was assaulted.

In support of their contention that intervention is not warranted, defendants cite *Sidari v. Orleans Co.*, 174 F.R.D. 275 (W.D.N.Y.1996), a case in which plaintiffs were represented by the same attorney representing plaintiffs in the instant action before this Court. In *Sidari*, Judge Arcara adopted the report and recommendation of Magistrate Judge Scott denying a motion to intervene because, *inter alia:*

> as a matter of law, there is no interdependence between the claims asserted by Sidari, and those asserted by [movant]. Whether or not Sidari prevails in the instant action has no bearing on [movant's] legal rights. Nor would any issues resolved in the instant action be *res judicata* with respect to [movant's] claims.... [Movant] has not met the necessary threshold to be entitled to intervention as of right.

*Sidari v. Orleans Co.*, 174 F.R.D. 275, 285–86 (W.D.N.Y.1996). While movants attempt to dismiss *Sidari* by claiming that it has subsequently been overruled, I find no evidence of that with respect to the salient points for which it is cited here.

Nor have movants shown that such cognizable interests as they have cannot be protected unless they are allowed to intervene in

the present action. Moreover, movants have not shown that they are so situated that "disposition of the action may as a practical matter impair or impede [their] ability to protect" their interests. Movants' grievances could be raised in separate actions. *See In re Auction Houses Antitrust Litig.*, 00–CV–648, 2000 WL 1864036, *2 (S.D.N.Y. Dec. 20, 2000). Indeed, they have already been raised in separate actions. As a result, to the extent that movants have any interest in the outcome of this litigation, they have failed to meet the requirements of Rule 24(a)(2). In addition, they have not established that they will be prejudiced if their motions to intervene are denied.

The Second Circuit has recently addressed a similar situation involving proposed intervenors who could file their grievances in a separate action. *See In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 196–99 (2d Cir. 2000). In affirming the denial of a motion to intervene, the Circuit noted that the district court encouraged the proposed intervenors to file the sample complaint that accompanied their motion to intervene as a separate action. In response, the would-be intervenors argued that they would face obstacles in bringing their own lawsuit, such as that separate litigation could take years, during which many elderly plaintiffs might pass away, and that the goals of judicial economy and uniformity of decisions militate against duplicating the efforts of existing plaintiffs and proceeding separately. In response, the Second Circuit ruled:

> These potential obstacles to the pursuit of an independent lawsuit do not "impair or impede the applicant's ability to protect [its] interest," Fed.R.Civ.P. 24(a)(2), to an extent warranting intervention as of right.

*See, e.g., SEC v. Everest Management Corp.*, 475 F.2d 1236, 1239 (2d Cir.1972). In *Everest Management*, we rejected the argument that the proposed intervenors would be prejudiced by a denial of their motion because "they [would] be required to bear the financial burden of duplicating the SEC's efforts; and, not having the SEC's investigative staff and resources available to them, they [might] be unable to develop as complete and reliable a record." *Id.* Similarly, the fact that appellants in this case will face many significant obstacles if they file their own lawsuit does not as a matter of law require their intervention.

*In re Holocaust Victim Assets Litig.*, 225 F.3d at 199.

In addition to those defendants already named in this action, Coons proposes adding ten additional defendants.[5] Bliss proposes adding numerous additional defendants as well, although five of those individuals are also proposed as defendants by Coons.[6] At the same time, both Coons and Bliss choose not to include thirteen of the defendants that are named in the present action.[7] This Court has previously admonished plaintiffs in this action for their failure to identify precisely which defendant did what to cause the statutory violations alleged. *See* December 12, 2000 Decision and Order, p. 2, n. 1, Dkt. # 139.[8] Coons and Bliss commit the same errors in their proposed complaints. These inexact pleadings coupled with the multitude of defendants will cause considerable confusion if intervention is allowed. It will be a daunting prospect indeed for each of these defendants to attempt to determine which claims each must defend against, and the multitude of unrelated claims would result in

---

**5.** Al Evangelista, Alpha Daly Majors, George Larkin, John Fowler, Janita Byars, Adam Urbanski, Martha Keating, Dwight Cook, Shirley Thompson, and JoAnne Giuffrida.

**6.** Dexter Sanders, Raul Fernandez, Efram Mendez, "all of the sentry staff at [Franklin] between 1996 1999," Henry Hill, Adam Urbanski, Martha Keating, Dwight Cook, Shirley Thompson, and JoAnne Giuffrida.

**7.** Augustin Melendez, Bert Alexander, Iris Banister, Jeanette Madalena, Yusef Sharif, Musette Castle, Hariette Alexander, Debbie Rider, Gloria

Nowlin, Wendell Morgan, George Green, Derrick Banks, and Barbara Postell.

**8.** The Court is particularly troubled by the fact that this is not the first time that plaintiffs' counsel has been warned. In *Gavenda v. Orleans Co.*, 97–CV–0074, 1998 WL 136122 (W.D.N.Y. March 19, 1998), another judge in this district ruled in a case involving the same attorney:

> the proposed pleading violates Rule 8(a) of the Federal Rules of Civil Procedure, which requires that such pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Salahuddin v.*

an inordinately difficult and lengthy trial—one that would likely confuse any jury, and unfairly prejudice defendants.[9]

■ Although it is unnecessary to my finding that intervention as of right is inappropriate, there is also merit in defendants' assertion that the instant motions are untimely. A district court has "broad discretion in assessing the timeliness of a motion to intervene, which 'defies precise definition.'" *In re Holocaust Victim Assets Litig.*, 225 F.3d at 198 (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.1994)). The court may consider, *inter alia,* the following factors: "(1) how long the applicant had notice of the interest before [she] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *D'Amato v. Deutsche Bank,* 236 F.3d at 84.

This action has been pending since 1998. Nearly two years passed before Coons filed her motion to intervene, and well over two years passed before Bliss filed her motion. Before these motions were filed, the parties had already participated both in discovery and numerous and lengthy proceedings before the Court. In addition, Bliss' motion to intervene came *after* the Court had commenced review of plaintiffs' motions for a preliminary injunction and for partial summary judgment. Adding numerous additional parties at this juncture would prejudice the existing parties by causing unnecessary

delay. *See D'Amato v. Deutsche Bank,* 236 F.3d at 84 (district court did not abuse its discretion when it denied a motion to intervene after concluding that the prejudice to the existing parties outweighs any prejudice to party seeking intervention). Having considered the entirety of the circumstances of the case and each of the relevant factors, including the prejudice to the parties and to the proposed intervenors, I consider the motions untimely at this stage in these proceedings. *See, e.g., United States v. Yonkers Bd. of Educ.,* 801 F.2d 593, 594–95 (2d Cir.1986) ("The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion").

### B. *Permissive Intervention*

■ If their motions to intervene as a matter of right are denied, Coons and Bliss each request, in the alternative, that they be allowed to intervene pursuant to Rule 24(b)(2). This rule allows the Court to permit an applicant to intervene when the "applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b)(2). The district court has broad discretion to deny an applicant's motion for intervention under Rule 24(b)(2). *Catanzano v. Wing,* 103 F.3d 223, 234 (2d Cir.1996).

■ These applications are also denied. While plaintiffs' complaint and the proposed complaints of Coons and Bliss all allege various forms of employment discrimination, they allege disparate treatment claims that are unique to each individual complainant.

---

*Cuomo,* 861 F.2d 40, 41–42 (2d Cir.1988) ("The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'"). The proposed Amended Complaint contains 73 factual allegations over a span of 19 pages. Several of those allegations are clearly extraneous and would not withstand a motion to strike.
*Id.,* at *1 (citations omitted). Plaintiffs in that case had also received prior warnings:
The plaintiffs are warned that failure to comply with this Court's [orders and instructions] and the rules of pleading may well result in dismissal of this case with prejudice. Aside from misjoinder of the plaintiffs, the Proposed Amended Complaint is defective in several other respects .... the extensive practice of alleg-

ing that actions were taken by "Orleans County Defendants," "County Defendants," "Union Defendants" and "Defendants" without definition of such collective terms in the relevant context renders responding to such allegations unduly difficult. Any further pleading must clearly define which defendants are alleged to be responsible for each alleged cause of action. *Gavenda v. Orleans Co.,* 97–CV–0074, 1997 WL 662353,* 3 (W.D.N.Y. October 24, 1997) (citations omitted).

9. In addition, both Coons and Bliss assert claims against RTA, a defendant that has already been dismissed from this litigation. Granting the motions to intervene would therefore cause the inequitable and anomalous result of returning RTA to this litigation, despite the fact that it has already been dismissed as a party defendant.

Although Seils and Vreeland assert that the treatment of other RCSD employees (presumably, for example, Coons and Bliss), is relevant to their discrimination claims, Seils and Vreeland need not prove the individual allegations raised by Coons and Bliss to prevail upon their claims that they have been discriminated against with respect to the terms and conditions of their employment. In short, the issues relating to the treatment of Coons and Bliss are not essential legal or factual elements of the claims of Seils and Vreeland.

The fact that a plaintiff may attempt to introduce evidence relating to the treatment of a proposed intervenor at trial in the instant matter does not create "common issues of law or fact" warranting intervention. *Sidari v. Orleans Co.*, 174 F.R.D. 275, 286 (W.D.N.Y.1996). As discussed above, the resolution of plaintiffs' claims in the instant matter will in no way impact the rights of Coons and Bliss.

Furthermore, Rule 24(b)(2) states that "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Intervention by Coons and Bliss would not serve the purposes of judicial economy. To the contrary, such intervention would needlessly complicate the trial in this matter and unfairly prejudice the defendants. Thus, even under Rule 24(b)(2), the motions must be denied, given that intervention would cause delay and that such delay would cause prejudice to the original parties. *See D'Amato v. Deutsche Bank*, 236 F.3d at 84, n. 5; *Austrian & German Bank Holocaust Litig.*, 80 F.Supp.2d at 172; *see also In re Holocaust Victim Assets Litig.*, 225 F.3d at 202 (affirming denial of motion for permissive intervention where district court found that intervention would prejudice the rights of the existing parties).

In addition, the Court may consider " 'the nature and extent of the intervenors' interests,' the degree to which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit, and to the just and equitable adjudication of the legal questions presented.' " *H.L. Hayden Co.*, 797 F.2d at 89 (quoting *Span-*

*gler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir.1977)). Some of these factors were addressed with respect to Rule 24(a)(2) and apply equally here. *See In re Auction Houses Antitrust Litig.*, 00–CV–648, 2000 WL 1864036 at *1–2 (denying permissive intervention and noting that "[t]he same rights that permit [movants] adequately to protect their interests demonstrate the lack of necessity for any intervention at all"). Finally, I do not see any basis to conclude that the intervention of either Coons or Bliss would contribute to the development or adjudication of the issues in this suit.

### CONCLUSION

The motions of Nancy Coons and Mary Lou Bliss to intervene (Dkt. # s 60 and 97, respectively) are denied, and the motion of Ann Matics to intervene (Dkt.# 66) is withdrawn.

IT IS SO ORDERED.