**UNITED STATES of America, Plaintiff,**

**v.**

**Michael LAUER, Mizuho Corporate Bank, Ltd., KFP Investors Partnership and Town of Greenwich, CT, Defendants,**

**Marty Steinberg, Esq., Court–Appointed Receiver for Lancer Management Group, LLC, et al. and Responsible Person for Lancer Partners, L.P., Applicant for Intervention.**

**Civil Action No. 3:06–CV–1724(JCH).**

United States District Court,
D. Connecticut.

May 1, 2007.

Mary A. Hervey, Washington, DC, John B. Hughes, U.S. Attorney's Office, New Haven, CT, for Plaintiff.

Michael Lauer, Greenwich, CT, pro se.

Erica L. Chmielewski, Thomas J. O'Neill, Day Pitney LLP, Stamford, CT, Jonathan M. Borg, Day Pitney LLP, New York, NY, James M. Nugent, Harlow, Adams & Friedman, P.C. Milford, CT, for Defendants.

## RULING ON RECEIVER'S MOTION TO INTERVENE [Doc. No. 31]

HALL, District Judge.

### I. INTRODUCTION

Marty Steinberg, court-appointed receiver ("Receiver") of Lancer Management Group, LLC, Lancer Management Group II, LLC, Lancer Offshore, Inc., Omnifund, Ltd., LSPV, Inc., LSPV, LLC, Alpha Omega Group, Inc., G.H. Associates, LLC, and CLR Associates, LLC (collectively, the "Receivership Entities"), and the responsible person for Lancer Partners, L.P., has filed a Motion to Intervene in this action, filed by the United States of America on behalf of the IRS to foreclose federal tax liens encumbering a Connecticut property owned by defendant Michael Lauer. The receiver was appointed by the United States District Court for the Southern District of Florida, in the context of a pending action in that court, *Securities and Exchange Commission v. Michael Lauer, et al.*, Case No. 03–80612–CIV–MARRA/SELT-ZER.

### II. FACTS

The case pending before the Florida District Court involves an action by the SEC concerning federal securities laws violations. Lauer, as founder, sole manager, and principal owner of Lancer and Lancer II, which are management companies for hedge funds (some of the Receivership Entities), was alleged to have engaged in violations of federal securities laws. On July 10, 2003, the Florida District Court entered a Receivership Order, which ordered that "[t]itle to all property, real or personal, [of the defendants and their principals] ... wherever located, is vested by operation of law in the Receiver." *See* Receiver's Memorandum in Support of Motion to Intervene ("Mem. in Supp.") at Ex. A [Doc. No. 31]. The Florida District Court also issued a Preliminary Injunction on July 17, 2003, which provided for a freeze on Lauer's personal asserts and property until final resolution of the SEC case on the merits. *See id.* at Ex. B.

The United States, on behalf of the IRS, and Mizuho Corporate Bank (USA) ("Mizuho") filed separate motions to foreclose the federal tax lien and two mortgage liens encumbering Lauer's Connecticut property. *See id.* at Ex. H & J. The Florida District Court modified the Receivership Order and Preliminary Injunction to permit the United States to foreclose on the property by commencing an action in the United States District Court for the District of Connecticut, "with the understanding that the sale price of the Residence be maximized," and the "asset freeze shall remain in place as to any proceeds from the sale of the Residence after the mortgage and tax liens have been satisfied." *See id.* at Ex. L at 9. The court, in a subsequent clarification order, confirmed that the Receiver shall control the net sale proceeds of the Connecticut property after the tax and mortgage liens have been satisfied. *See id.* at Ex. O at 2.

### III. DISCUSSION

The Receiver moves to intervene as of right, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, or in the alternative, permissively, pursuant to Rule 24(b), as a party in this action. The court will first turn to the Receiver's motion brought pursuant to Rule 24(b), which provides:

> Upon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2). "An application for permissive intervention is addressed to the discretion of the court." 7C Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 2d* § 1902 at 231 (2d ed. 1986) ("Wright & Miller"); *see also U.S. Postal Service v. Brennan,* 579 F.2d 188, 192 (2d Cir.1978) ("Permissive intervention is wholly discretionary with the trial court."). Where appropriate, the district court may set such limits or "conditions [as are] necessary to 'efficient conduct of the proceedings.'" *Ionian Shipping Co. v. British Law Ins. Co.,* 426 F.2d 186, 191–92 (2d Cir.1970) (citations omitted).

■ "A motion for permissive intervention, like one for intervention of right, must be timely." *Catanzano by Catanzano v. Wing,* 103 F.3d 223, 234 (2d Cir.1996). The Receiver's request is timely. The foreclosure action was filed before this court on October 31, 2006 [Doc. No. 1]. The Receiver filed this motion on February 28, 2007, only one month after defendant Lauer filed his Answer to the Complaint [Doc. No. 26] and prior to any response from the defendant Town of Greenwich, CT. *See* Docket Sheet. Moreover, this motion was filed prior to any substantive motions by the parties. Thus, the Receiver has sought to intervene "at a very early stage in this litigation." *See Schaghticoke Tribal Nation v. Norton,* 2006 WL 1752384, at *8 (D.Conn.2006).

■ Rule 24(b) also requires there to be "a question of law or fact in common." Fed. R.Civ.P. 24(b)(2). The court finds that there exist common questions of law or fact between the Receiver's claim to the net proceeds of the sale of the property and the main action by the IRS to foreclose the federal tax liens encumbering the same property. As holder of title to the property and of any surplus from its sale, the Receiver has an economic interest in this case. *See* Wright & Miller § 1911 at 357 ("Permissive intervention may be permitted when the intervenor has an economic interest in the outcome of the suit."). The Receiver seeks to intervene to protect his right to receive the net proceeds of the sale of the property, and also to assert his position on how the property should be sold, that is, that the IRS should market the property for sale through the national Multiple Listing Service ("MLS") to obtain the highest sale price. See Receiver's Mem. in Supp. at 10–11. These are clearly common issues that satisfy the requirement of Rule 24(b).

Once timeliness and common questions of law or fact have been determined to exist, [t]he principal consideration set forth in [Rule 24(b) ] is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." The court also will consider whether the applicant will benefit by intervention. *See generally* 7A Wright and Miller § 1913. Other relevant factors "include the nature and extent of the intervenors' interests," whether their interests are "adequately represented by the other parties," and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Board of Education,* 552 F.2d 1326, 1329 (9th Cir.1977) (footnote omitted).

*Brennan,* 579 F.2d at 191–92.

The court finds that the presence of the Receiver as intervenor will not prejudice the original parties, including Mizuho. Mizuho argues in its opposition that the orders of the Florida District Court already adequately protect the interests of the Receiver because the court specifically provided that the Receiver should take control of any proceeds after the sale of the property and the satisfaction of the liens. *See* Mizuho's Memorandum in Opposition ("Mem. in Opp.") at § II.A.2 [Doc. No. 37].[1] While this may be true, the Receiver indicated that its intervention was necessary because the United States' Complaint did not state that the Receiver has the right to control such surplus proceeds. *See* Receiver's Mem. in Supp. at 10. Because the court finds no prejudice in allowing the Receiver to intervene to specifically protect its interests in this foreclosure action, especially considering that Mizuho does not object to the Receiver's right to receive the surplus proceeds, *see* Mizuho's Mem. in Opp. at § II.A.2, the court finds that intervention is permitted on this basis.

In addition, the court agrees with the Receiver that it should also be entitled to be heard regarding its position on how the property to which it holds title should be sold. The Florida District Court had ordered, in permitting the United States to foreclose on the property, that "the sale price of the Residence be maximized," *see* Receiver's Mem. in Supp. at Ex. L at 9, and it also left it to this court's discretion "to determine the best method of sale in order to ensure that

---

1. Unfortunately, Mizuho's Memorandum in Op-    position does not contain page numbers.

the sale price of the Residence is maximized," *see id.* at Ex. O at 2. The Receiver argues that the property should be sold using the MLS "to maximize its exposure, availability and amenities to hopefully command the highest sale price possible." *See* Receiver's Mem. in Supp. at 12. Mizuho disagrees with using the MLS, because it may delay the sale and create additional fees. *See* Mizuho's Mem. in Opp. at § II.B. While the court will not decide this issue at this time, but will do so after motions have been filed on the subject by all parties, the court finds that the Receiver's intervention in this case will in fact add to the court's understanding of the issue; it will not detract from the original parties' case.[2] In any event, Mizuho's desire for a quick sale must be weighed against the Receiver's interest in protecting defrauded investors.

Thus, since it is still early in the course of this action, and since the Receiver presents common questions of fact or law, the court finds that the Receiver makes a strong argument for intervention. He has a strong interest, as holder of the property and trustee of the proceeds, in the resolution of the foreclosure action. Moreover, permitting the Receiver to intervene in this action will facilitate, rather than "unduly delay or prejudice," the "adjudication of the rights of the original parties" by assisting the court in resolving how the property should be sold. *See* Fed. R.Civ.P. 24(b)(2). The Receiver's participation will help to ensure that his property interests as well as the rights of the investors whom he represents are protected, and will enable the Receiver to contribute to the full development of the issues raised in this action. *See Schaghticoke Tribal Nation,* 2006 WL 1752384, at *9. The court does not find any undue prejudice that would preclude it from permitting intervention in this case.

Because the court finds permissive intervention is appropriate pursuant to Rule 24(b)(2), there is no need to address whether intervention as of right is appropriate under Rule 24(a)(2).[3]

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Receiver's Motion to Intervene [Doc. No. 31], and thereby permits the Receiver to file the motion attached to his Memorandum in Support which requests the court to order the net sale proceeds to be paid to the Receiver and the IRS to market the property through the MLS.

**SO ORDERED.**

---

**2.** Although both parties have argued in their briefs as to how the sale should be conducted, the court will not decide this issue now, especially considering that the plaintiff in this action, the United States, has not filed any motion regarding this issue. The only issue for the court to decide is whether or not the Receiver is permitted to intervene so that it may file its motion, Ex. D to Receiver's Mem. in Supp., on how to proceed with the sale of the property.

**3.** Nonetheless, "it is certainly true that the scope of permissible discretion is broader when application is made under Rule 24(b) than if it is intervention as of right under Rule 24(a)."

Wright & Miller § 1913 at 376. Based on its Ruling under Rule 24(b), it appears, although the court need not decide, that the Receiver would satisfy the elements of Rule 24(a)(2). Under this Rule, a party seeking to intervene as of right is required to: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. New York City Board of Education,* 260 F.3d 123, 128–29 (2d Cir.2001) (internal quotations omitted).