**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KRISTIN M. PERRY; SANDRA B.
STIER; PAUL T. KATAMI; JEFFREY J.
ZARRILLO,
        *Plaintiffs-Appellees,*

CITY AND COUNTY OF SAN
FRANCISCO,
    *Plaintiff-Intervenor-Appellee,*

v.

ARNOLD SCHWARZENEGGER, in his
official capacity as Governor of
California; EDMUND G. BROWN, JR.,
in his official capacity as Attorney
General of California; MARK B.
HORTON, in his official capacity as
Director of the California
Department of Public Health &
State Registrar of Vital Statistics;
LINETTE SCOTT, in her official
capacity as Deputy Director of
Health Information & Strategic
Planning for the California
Department of Public Health;
PATRICK O'CONNELL, in his official
capacity as Clerk-Recorder for the
County of Alameda;

DEAN C. LOGAN, in his official
capacity as Registrar-
Recorder/County Clerk for the
County of Los Angeles,
                    *Defendants,*

DENNIS HOLLINGSWORTH; GAIL J.
KNIGHT; MARTIN F. GUTIERREZ;
MARK A. JANSSON;
PROTECTMARRIAGE.COM-YES ON 8,
A PROJECT OF CALIFORNIA
RENEWAL, as official proponents of
Proposition 8; HAK-SHING WILLIAM
TAM,
            *Defendants-Intervenors,*
                    and

COUNTY OF IMPERIAL; THE
BOARD OF SUPERVISORS OF THE
COUNTY OF IMPERIAL; ISABEL
VARGAS, In her official capacity as
Deputy Clerk/Deputy
Commissioner of Civil Marriages
for the County of Imperial,
                *Movants-Appellants.*

No. 10-16751

D.C. No.
3:09-cv-02292-
VRW

OPINION

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

Argued and Submitted
December 6, 2010—San Francisco, California

Filed January 4, 2011

Before: Stephen Reinhardt, Michael Daly Hawkins, and
N. Randy Smith, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Robert H. Tyler (argued) and Jennifer L. Monk, Advocates for Faith and Freedom, Murrieta, California, for the movants-appellants.

Theodore B. Olson, Matthew D. McGill, and Amir C. Tayrani, Gibson, Dunn & Crutcher LLP, Washington, D.C.; Theodore J. Boutrous, Jr., Christopher D. Dusseault, Ethan D. Dettmer, Theane Evangelis Kapur, and Rebecca Justice Lazarus, Gibson, Dunn & Crutcher LLP, Los Angeles, California; David Boies (argued), Jeremy M. Goldman, and Theodore H. Uno, Boies, Schiller & Flexner LLP, Armonk, New York, for the plaintiffs-appellees.

John C. Eastman, Anthony T. Caso, and Karen J. Lugo, Orange, California, for *amicus curiae* Center for Constitutional Jurisprudence.

Matthew B. McReynolds and Kevin T. Snider, Sacramento, California, for *amicus curiae* Pacific Justice Institute.

Michael S. Wald, Stanford Law School, Stanford, California; Herma Hill Kay, Berkeley School of Law, Berkeley, California, for *amici curiae* Professors of Family Law.

David C. Codell, Linda M. Burrow, Albert Giang, and Benjamin A. Au, Caldwell Leslie & Proctor, PC, Los Angeles, California, for *amicus curiae* Equality California.

---

## OPINION

PER CURIAM:

The County of Imperial, its Board of Supervisors, and a Deputy Clerk for the County appeal the denial of their motion to intervene in this case concerning the constitutionality under the United States Constitution of Article I, section 7.5 of the California Constitution ("Proposition 8"). Concurrently, they assert their standing to appeal on the merits the district court order holding Proposition 8 to be unconstitutional. We affirm the denial of the intervention motion, although on different grounds from those relied upon by the district court, and correspondingly we dismiss the appeal on the merits for lack of standing. This decision, of course, does not affect the standing or the separate appeal of the official proponents of Proposition 8.

### BACKGROUND

In May 2009, six months after Californians adopted Proposition 8, Plaintiffs brought this action in district court "for declaratory and injunctive relief against the enforcement of Prop. 8." They named as defendants, all in their official capacities, the Governor of the State of California, the Attorney General of the State of California, the Director of the California Department of Public Health (who serves as the State Registrar of Vital Statistics), the Deputy Director of Health

Information & Strategic Planning for the California Department of Public Health, the Clerk-Registrar for the County of Alameda, and the Registrar-Recorder/County Clerk for the County of Los Angeles ("Defendants"). Plaintiffs specifically requested that the court "construe Prop. 8 and enter a declaratory judgment stating that this law and any other California law that bars same-sex marriage violate[s]" the federal Constitution, and that the court "enter a preliminary and a permanent injunction enjoining enforcement or application of Prop. 8 and any other California law that bars same-sex marriage." The Defendants refused to argue in favor of Proposition 8's constitutionality, so the initiative measure's official sponsors ("Proponents") were permitted to intervene to do so. In addition, the City and County of San Francisco was permitted to intervene as a plaintiff.

In December 2009, after San Francisco questioned Proponents' standing, the County of Imperial, its Board of Supervisors and Deputy County Clerk / Deputy Commissioner of Civil Marriages Isabel Vargas[1] (collectively, "the Movants") moved to intervene as defendants "to ensure the opportunity for appellate review" of the district court order, in the event that the court granted Plaintiffs their requested relief. The County alleged an interest in intervention because "[a]ny injunctive relief granted by this Court would directly affect the Clerk's performance of her legal duties and the legal duty of the Board to oversee and supervise County clerks and to ensure that the laws are faithfully executed." Movants explained that "Plaintiffs seek to enjoin all relevant state officials from enforcing Proposition 8 and, ultimately, to require them to issue such orders as may be necessary to ensure that all county clerks across California issue marriage licenses to same-sex couples." Because "the outcome of this action will affect [Imperial's] ability to comply with Proposition 8,"

---

[1]Vargas is also a "Recordable Document Examiner" for the County, but she moved to intervene only in her official capacity as a Deputy Clerk and Deputy Commissioner of Civil Marriages.

Movants argued, "the Clerks' interest in the effective performance of their duties and the threat of an injunction impacting those duties — either from a federal District Court or the California Superior Court seeking to enforce an order from the Attorney General or other state officials — justify intervention."

Nine months later, following a bench trial and post-trial proceedings but before ruling on the intervention motion, the district court held Proposition 8 to be unconstitutional and ordered entry of judgment enjoining its enforcement. *Perry v. Schwarzenegger*, 704 F. Supp. 2d. 921, 1003-1004 (N.D. Cal. 2010), *appeal pending*, Ninth Cir. No. 10-16696. The court then denied the motion to intervene both as of right and permissively. It determined that neither the County itself nor the Board of Supervisors had any interest in the administration of the state marriage laws, which are a "matter of statewide concern rather than a municipal affair." *Lockyer v. City & County of San Francisco*, 95 P.3d 459, 471 (Cal. 2004) (internal quotation marks omitted). As to the deputy clerk, the court reasoned that "[c]ounty clerks, although local officers when performing local duties, perform their marriage-related duties 'under the supervision and direction of the State Registrar,' " and that "[c]ounty clerks have no discretion to disregard a legal directive from the existing state defendants, who are bound by the court's judgment regarding the constitutionality of Proposition 8." Consequently the court found that none of the three movants had a significant protectable interest of its own to justify intervention.

As is proper when a putative intervenor wishes to press an appeal on the merits, Movants filed a notice of appeal from the order denying their motion to intervene, and a protective notice of appeal from the district court's order on the merits of Proposition 8's constitutionality. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the order denying the motion to intervene, and dismiss Movants' appeal on the merits.

## DISCUSSION

### I. Intervention as of Right

**[1]** Under Federal Rule of Civil Procedure 24(a)(2), a district court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." We review the application of that Rule de novo. *Prete v. Bradbury*, 438 F.3d 949, 953 (9th Cir. 2006). Specifically, we require that an applicant for intervention make four showings to qualify under this Rule: "(1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). An applicant's "[f]ailure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). None of the Imperial County movants has demonstrated a "significant protectable interest" at stake in this action, as it was brought by Plaintiffs, and we affirm on that basis alone.

### A. Deputy County Clerk Isabel Vargas

Isabel Vargas, a deputy county clerk and deputy commissioner of civil marriages for Imperial County, sought to intervene because "[a]ny injunctive relief granted by [the district court] would directly affect the Clerk's performance of her legal duties." Were Imperial County's elected County Clerk the applicant for intervention, that argument might have merit. A County Clerk is not before us, however, so we need not,

and do not, decide now whether a County Clerk would have been permitted to intervene under the circumstances present in this case.

**[2]** Here, we are presented with a deputy clerk, who was appointed by and may be removed by the Clerk. *See* Cal. Gov't Code §§ 24101-24102. California law vests deputies with authority to exercise the powers and perform the duties of their principals. *See* Cal. Gov't Code §§ 7, 1194, 24100. Those powers and duties, however, remain the principals'. "The deputy of a public officer, when exercising the functions or performing the duties cast by law upon such officer, is acting for his principal or the officer himself. The deputy's official acts are always those of the officer. He merely takes the place of the principal in the discharge of duties appertaining to the office." *Sarter v. Siskiyou County*, 183 P. 852, 854 (Cal. Ct. App. 1919); *see also Hubert v. Mendheim*, 30 P. 633, 635 (Cal. 1883). It follows that whatever "significant protectable interest" may exist in those duties and powers is an interest belonging to the principal, not the deputy. Vargas does not claim to appear on behalf of the County Clerk or to represent the Clerk's interests in this litigation. She does not contend that the Clerk authorized her to act in her place or otherwise to seek to intervene in the lawsuit now before us; nor does she contend that the Clerk approved of or ratified her action. Accordingly, standing alone, Vargas's claimed interest as a deputy clerk in the performance of the Clerk's duties is insufficient for a finding of a "significant protectable interest."[2]

**[3]** For similar reasons, Vargas's claim that she should have been permitted to intervene because *she* could be bound by the district court's injunction, and her related claim that she has standing to appeal now because she *is* bound, fails. To the extent the injunction may affect local officers in counties

---

[2]We therefore affirm the district court on this alternate ground and do not adopt the district court's reasoning, which would apply to County Clerks as well.

beyond Alameda County and Los Angeles County,[3] it would enjoin only other County Clerks from performing their duties as required by state law. While being bound by a judgment may be a "concrete and particularized injury" sufficient to confer standing to appeal, *see W. Watersheds Project v. Kraayenbrink*, 620 F.3d 1187, 1196 (9th Cir. 2010), the "injury," if any, would be to the Clerk, not a deputy. As we have explained, Vargas is neither the Clerk nor her authorized representative. She therefore may not rely upon the Clerk's injury to assert her own interest in intervention or standing to appeal.

[4] Vargas claims as an additional "significant protectable interest": the desire to avoid the "legal uncertainty and confusion" as to the applicability of Proposition 8 if the district court order is not reviewed on the merits by an appellate court and thus no binding precedent exists as to its constitutionality. Specifically, Vargas cites a provision of the California Constitution that states that "[a]n administrative agency . . . has no power . . . to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an *appellate* court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations." Cal. Const. art. III, § 3.5(c) (emphasis added). It seems likely that the reference in the provision is to a *state* appellate court and that it is not intended to deal with decisions of federal district courts. But there could, in any event, be no "confusion" in light of the Supremacy Clause. U.S. Const. art. VI, cl. 2. If a federal district court were to enjoin a County Clerk from enforcing state law, no provision of state law could shield her against the force of that injunction. *Cf. LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1159-1160 (9th Cir. 2000) (criticizing an expansive interpretation of Cal.

---

[3]As discussed in footnote two of the concurrently filed certification order in No. 10-16696, the effect of the existing order and injunction on County Clerks in California's other counties is unclear, but we need not resolve this question here.

Const. art. III, § 3.5, and explaining, "It is a long-standing principle that a state may not immunize its officials from the requirements of federal law").**4** The Vargas claim therefore fails in this regard as well.

## B.    The County of Imperial and the Board of Supervisors

**[5]** The Board of Supervisors of Imperial County and the County itself also claim significant protectable interests warranting intervention. Neither claim is sustainable. First, the Board alleges that it "has ultimate responsibility to ensure that county clerks and their deputies faithfully perform their legal duties, including those relating to marriage." Under California law, however, the Board plays no role with regard to marriage, which is "a matter of 'statewide concern' rather than a 'municipal affair.' " *Lockyer*, 95 P.3d at 471. Local elected leaders "may have authority under a local charter to supervise and control the actions of a county clerk or county recorder with regard to other subjects," but they have "no authority to expand or vary the authority of a county clerk or county recorder to grant marriage licenses or register marriage certificates under the governing state statutes . . . ." *Id.* Moreover, the duties of the Supervisors themselves are not directly affected by this litigation, so they lack a significant protectable interest.

**[6]** Second, the County itself has failed to demonstrate any interest of its own, apart from those claimed by Vargas or the Board of Supervisors. The County alleges "a direct financial interest in assuring that the vote of its residents is defended

---

**4**In any event, it is an open question of California law whether Article III, section 3.5, addressed to state "administrative agenc[ies]," applies to individual Executive officers. *See Lockyer*, 95 P.3d at 473-475. Because, given the Supremacy Clause, Vargas would face no "confusion" even if she were covered by that provision, we need not request that the Supreme Court of California clarify the provision's reach.

and ultimately upheld" given its "responsibility to provide social welfare programs for the County's residents" and its "understanding that promoting opposite-sex marriage will benefit the public welfare, and reduce a wide variety of problems including, but not limited to, teenage pregnancy, depression in young adults, incarceration rates, and the inability of parents to be the sole financial providers for their children."

We deem this argument waived, because in the district court, the County made no mention of any such interest in the case, and certainly of no financial interest. To the contrary it acknowledged that it "ha[d] no known information relevant to this case" and "d[id] not intend to offer evidence at trial." In any event, the County fails to substantiate its "direct financial interest" with any evidence, such as affidavits of financial officers or county records, and instead asserts that "[t]he precise extent of the county's financial interest is ultimately unknowable and irrelevant." Seeing as the burden is on the movant to demonstrate its interest, and it has made no attempt to do so, we conclude that its newly claimed interest is without merit.

## II. Permissive Intervention

**[7]** Federal courts may permit intervention by litigants who "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Where a litigant timely presents such an interest in intervention, courts consider a number of factors in deciding whether to permit intervention, including:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by

other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (footnotes omitted). The district court is given broad discretion to make this determination, *Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002), and we find no abuse of discretion here.

**[8]** The district court found that "the *Spangler* factors weigh[ed] strongly against" intervention. It based this conclusion first on the fact that Movants had explained that they had no new evidence or arguments to introduce into the case. Second, the court determined that Movants' only expressed interest in the litigation — ensuring appellate review of Plaintiffs' constitutional claims — was one that they could not fulfill because they would lack standing to appeal the judgment in Plaintiffs' favor. In general, an applicant for intervention need not establish Article III standing to intervene. Because the specific interest Movants claimed in the litigation would require them to have standing, however, the court did not abuse its discretion by considering their standing to appeal the merits.

**[9]** The court did not err in determining that Movants lacked standing to appeal. We held, *supra*, that Movants lacked any "significant protectable interest" that would make them eligible for intervention under Rule 24(a). It necessarily follows that they lack Article III standing to appeal the merits of the constitutional holding below. In light of Movants' stated purpose for seeking intervention, the district court's denial of permissive intervention was therefore not an abuse of discretion.

## CONCLUSION

The district court order denying the motion to intervene is AFFIRMED. Movants' appeal of the district court order concerning the constitutionality of Proposition 8 is DISMISSED for lack of standing.

The deadline for filing a petition for panel rehearing or rehearing en banc is hereby EXTENDED until the deadline for such petitions in No. 10-16696, which will be 14 days after an opinion is filed in that appeal. The Clerk is DIRECTED to stay the issuance of the mandate in this case until the mandate issues in No. 10-16696.

**AFFIRMED in part; DISMISSED in part.**